[Crim. No. 4432. Second Dist., Div. Three. May 1, 1950.]

THE PEOPLE, Respondent, v. JOHN R. SMOOT, Appellant.

Gladys Towles Root for Appellant.

Fred N. Howser, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

WOOD, J. — Defendant was accused of the crime of "Violation of Section 647a, subdivision 1, Penal Code of California, with a prior conviction of Violation of Section 647a, Penal Code of California, to wit, annoying and molesting a child,

a felony." It was alleged that said violation was committed on or about May 3, 1949. It was also alleged in the information that the defendant had been convicted previously of the crime of "Violation of Section 647a, Penal Code of California, to wit, annoying and molesting a child, a misdemeanor." Trial by jury was waived. The court adjudged defendant guilty as charged in the information. He appeals from the judgment.

The evidence was sufficient to prove that appellant committed acts on May 3, 1949, which constituted a violation of section 647a, subdivision 1, of the Penal Code, to wit, annoying and molesting a child. A certified copy of a docket of the Municipal Court of Los Angeles, showing that on October 8, 1948, one John R. Smoot had been convicted in said court of violation of section 647a, subdivision 1, of the Penal Code, was received in evidence. It was stipulated that the John R. Smoot, named in that transcript, is the defendant herein. The defendant did not testify herein, and he did not present any evidence on his behalf.

Appellant contends that the information is "faulty and vitally so" because it only sets forth, with reference to a prior conviction, that there was "a prior conviction of Violation of Section 647a, Penal Code of California, to wit, annoying and molesting a child." He argues that since said section 647a has two subdivisions it is necessary to allege specifically that there has been a prior violation of subdivision 1 of the section because a violation of subdivision 2 of said section "does not carry any penalty for a subsequent violation of it as does Subdivision 1."

Although the information did not include the specific word and figure, "subdivision 1," in referring to the prior conviction, it did allege that defendant had been convicted previously of "Violation of Section 647a, Penal Code of California, to wit, annoying and molesting a child, a misdemeanor." Subdivision (1) of section 647a of the Penal Code provides: "Every person who annoys or molests any child is a vagrant and is punishable upon first conviction by fine . . . or by imprisonment in the county jail for not exceeding six months or by both such fine and imprisonment and is punishable upon the second and each subsequent conviction by imprisonment in the state prison not exceeding five years." Subdivision (2) of said section provides: "Every person who loiters about any school or public place at or near which school children

attend, is a vagrant, and is punishable by a fine . . . or by imprisonment in the county jail for not exceeding six months, or by both such fine and imprisonment." It is to be noted that subdivision (2) does not include a provision with reference to "annoying and molesting a child." The allegation that defendant had been convicted previously of violation of section 647a, Penal Code of California, "to wit, annoying and molesting a child," was a sufficient allegation that defendant had been convicted previously of violation of section 647a, subdivision 1, of the Penal Code. Section 952 of the Penal Code provides that in charging an offense a statement that the accused has committed some public offense "may be in the words of the enactment describing the offense or declaring the matter to be a public offense, *or in any words sufficient to give the accused notice of the offense of which he is accused.*" (Italics added.) (See, *People* v. *Codina,* 30 Cal.2d 356, 359 [181 P.2d 881].)

 Furthermore, the defendant did not demur, or object at the trial, to the sufficiency of the information. The certified copy of the transcript, relative to the prior conviction, shows that the defendant had been convicted previously of violation of section 647a, subdivision 1, of the Penal Code. He made no objection to said transcript when it was received in evidence, and it was stipulated that this defendant is the defendant named therein. Section 960 of the Penal Code provides that: "No . . . information . . . is insufficient . . . by reason of any defect or imperfection in matter of form which does not prejudice a substantial right of the defendant upon the merits." No substantial right of the defendant was prejudiced by reason of the form of the information.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.