112 Cal.App.2d Supp. 895 (1952)
THE PEOPLE, Appellant,
v.
DONATO PALLARES, Respondent.
California Court of Appeals. 
June 30, 1952.
 E. Clarke Savory, District Attorney (Fresno), and Marvin E. Helon, Deputy District Attorney, for Appellant.
 Harry Sarkisian for Respondent.
 CONLEY, J.
 The district attorney of the county of Fresno filed an appeal from an order of the Municipal Court of the Fresno Judicial District sustaining defendant's demurrer to a complaint charging a misdemeanor, to wit: Violation of section 647a(1) of the Penal Code. The order sustaining the demurrer was duly entered on the docket. [1] Although no formal dismissal of the action was thereafter ordered, the People had a clear right of appeal. (Pen. Code, 1466(1) (b); People v. Draper, 134 Cal.App.Supp. 787, 793 [22 P.2d 604]; People v. Dobbs, 70 Cal.App.2d 261 [161 P.2d 46].)
 The complaint charges that the offense was committed as follows:
 "The said defendant, on or about the 27th day of April, 1952, at and in the said County of Fresno, State of California, wilfully and unlawfully annoyed and molested Lupe Torres, age four years, in the Azteca Theater."
 The ground of the demurrer was that "the facts therein stated do not constitute a public offense."
 In pleading the alleged crime the district attorney observed generally the requirement of section 952 of the Penal Code by following "the words of the enactment." The validity of the ruling in the court below, therefore, depends on the question whether the wording of the statute itself is sufficient to state a public offense.
 Section 647a of the Penal Code reads as follows:
 "(1) Every person who annoys or molests any child under the age of 18 is a vagrant and is punishable upon first conviction by a fine of not exceeding five hundred dollars ($500) or by imprisonment in the county jail for not exceeding six months or by both such fine and imprisonment and is punishable upon the second and each subsequent conviction or upon the first conviction after a previous conviction under Section 288 of this code by imprisonment in the state prison not exceeding five years."
 "(2) Every person who loiters about any school or public place at or near which school children attend, or who loiters in or about public toilets in public parks, is a vagrant, and is punishable by a fine of not exceeding five hundred dollars [112 Cal.App.2d Supp. 898] ($500) or by imprisonment in the county jail for not exceeding six months, or by both such fine and imprisonment."
 Two major arguments are made by the defendant against the sufficiency of the enactment: First, that the words "any child under the age of 18" are so uncertain that they have no fair and well-understood meaning; and, second, that the words "annoys or molests" do not advise the public in understandable form of the acts which are forbidden.
 On the first point raised, defendant contends that in using the words "any child under the age of 18" the Legislature might have intended them to apply to children under the age of 18 years, or only to children under the age of 18 months, 18 weeks or 18 days.
 [2] The object of all construction of code sections or statutes is to ascertain and give effect to the intention of the Legislature. (County of Los Angeles v. Frisbie, 19 Cal.2d 634, 639 [122 P.2d 526].) "... if the words of an enactment, given their ordinary and popular signification, are reasonably free from ambiguity and uncertainty, the courts will look no further to ascertain its meaning ..." (23 Cal.Jur., pp. 730-731.)
 [3] "A statute should be read and considered as a whole to determine the legislative intent." (People v. Trieber, 28 Cal.2d 657, 663 [171 P.2d 1].)
 "Words and phrases will, when possible, be given a reasonable construction, 'according to the context and the approved usage of the language,' and in furtherance of what appears from a consideration of the whole enactment to be its true purpose and object." (23 Cal.Jur., p. 745.)
 [4] Words used in a statute should receive a sensible construction in accordance with their commonly understood meaning. (Universal Pictures Corp. v. Superior Court, 9 Cal.App.2d 490, 493 [50 P.2d 500]; Civ. Code, 13.)
 [5] The history of the legislation, the previous state of legislation on the subject, other statutes in pari materia, and the object sought to be attained by the legislation may be weighed in a proper case. (People v. Earl, 19 Cal.App. 69, 71 [124 P. 887].)
 Has the phrase "under the age of 18" a common and well-understood meaning as "under the age of 18 years?" The Legislature of this state has previously so used the phrase with such meaning. Thus, section 33 of the Civil Code reads in part:
 "A minor cannot give a delegation of power, nor, under [112 Cal.App.2d Supp. 899] the age of eighteen, make a contract relating to real property. ..."
 And section 35 of the Civil Code relates to "the contract of a minor, if made whilst he is under the age of eighteen. ..."
 The courts of this state have never had any difficulty in construing the phrase used in these sections of the Civil Code as meaning "under the age of eighteen years." (See Annotations to Deering's Civil Code of California under sections 33 and 35.)
 In numerous opinions, the Supreme and Appellate Courts of this state have used the phrase with the clear meaning of "18 years of age." For example, see: Magee v. Welsh, 18 Cal. 155, 159; Hakes Inv. Co. v. Lyons, 166 Cal. 557, 560, 561 [137 P. 911]; Maier v. Harbor Center Land Co., 41 Cal.App. 79, 80 [182 P. 345]; Burnand v. Irigoyan, 30 Cal.2d 861, 865, 866, 867 [186 P.2d 417].
 Another illustration of the common and well-understood use of the phrase "age of eighteen" (or other similar phrases using the numerals alone) as referring to years, is furnished by the article on "Infants" in 14 California Jurisprudence:
 "As has been seen, minors are males under twenty-one and females under eighteen." (P. 113);
 "If the contract which the infant would disaffirm was made by him when he was over eighteen, he must, as a condition of disaffirmance, restore the consideration or its equivalent." (P. 127);
 "A minor under eighteen may disaffirm a contract without restoring or offering to restore the consideration." (P. 127.)
 "Though the general rule, in the absence of statute, is that the deed of an infant is voidable merely, in California, under section 33 of the Civil Code, the deed of one under eighteen is absolutely void from the beginning, and conveys no title to, or interest in, the land. So a deed of trust on real estate, executed by a minor under eighteen, is absolutely void." (P. 131);
 "A minor may disaffirm a conveyance made by him while under eighteen, without being under any legal duty, as a condition of disaffirmance, to restore the consideration received." (P. 132);
 "All persons are capable of committing crimes, except, among others, children under the age of fourteen, in the absence of clear proof that at the time of committing the act charged against them, they knew its wrongfulness. This means [112 Cal.App.2d Supp. 900] that minors under fourteen are incapable of crime, in the absence of the proof required." (P. 135);
 "Persons under eighteen, committing murder, are relieved from the death penalty. The fact that one is a minor under the age of twenty- one, and acts under the direction of a parent, is no defense to a prosecution for crime." (P. 136.)
 (Italics ours.)
 These examples of the common use of the phrase "age of eighteen" as meaning "age of eighteen years" could be multiplied easily, not only by quotations from the reported cases and legal texts, but from daily newspapers, periodicals and books on nonlegal subjects.
 The subject matter of the entire section read as a whole further reenforces our conclusion as to the legislative intent. [6] The object of the enactment of the code section was the protection of children from interference by sexual offenders, and the apprehension, segregation and punishment of the latter. It is common knowledge that the subject of sex offenders, and particularly the protection of the young from improper advances, has in recent years engaged the close attention of the Legislature and of the general body of the citizens of this state. The purpose of the legislation is indicated clearly by reference in the section to section 288 of the Penal Code, by the increase of penalties for second offenders, and by the prohibition in the second subparagraph of the section of loitering near schools or public places where school children attend. Prior to the amendment of the section in 1951, section 947a of the Penal Code applied to the annoyance or molestation of any child; the amendment restricted the application of the law to children "under the age of eighteen." To contend that the latter phrase refers only to children under the age of 18 months, 18 weeks or 18 days, rather than to all children under the age of 18 years, would be to ascribe an intent to the Legislature completely at variance with the patent purpose of the legislation considered as a whole.
 [7] It should be observed in passing that in the construction of statutes if the intention of the Legislature be clearly ascertainable, a word omitted inadvertently may even be supplied in the process of construction to effectuate the legislative intent. (Crawford v. Payne, 12 Cal.App.2d 485, 488 [55 P.2d 1240]; In re Sekuguchi, 123 Cal.App. 537 [11 P.2d 655]; People v. Heron, 34 Cal.App.2d Supp. 755, 758 [90 P.2d 154].) [112 Cal.App.2d Supp. 901]
 [8] As we conclude that the words "under the age of 18" were used by the Legislature, and are to be understood, in their usual, natural, ordinary and popular sense as "under the age of 18 years," the first point raised on the demurrer must be resolved against the defendant.
 [9] It seems equally clear that the meaning of the words "to annoy or molest," as employed in the code section, are sufficiently definite and certain to advise the public generally what acts and conduct are prohibited. [10] Annoy means to disturb or irritate, especially by continued or repeated acts; (3 C.J.S., p. 1370; Territory v. Long Bell Lbr. Co., 22 Okla. 890 [99 P. 911]) "to weary or trouble; to irk; to offend; to disturb or irritate, esp. by continued or repeated acts; to vex; to molest ... harm; injure." (Webster's New Internat. Dict. 2d ed.)
 The same dictionary defines "molest" as, "to interfere with or meddle with unwarrantably so as to injure or disturb." [11, 12] Molest is, in general, a synonym for annoy. The term "molestation" always conveys the idea of some injustice or injury. Molest is also defined as meaning to trouble, disturb, annoy or vex. (People v. Reid, 40 N.Y.S.2d 793, 795.) To molest means to interfere with so as to injure or disturb; molestation is a wilful injury inflicted upon another by interference with the user of rights as to person or property. (Gulf Refining Co. v. Fetschan, 130 F.2d 129, 133.) [13] Annoyance or molestation signifies something that works hurt, inconvenience or damage. (Prior v. White, 132 Fla. 1 [180 So. 347, 116 A.L.R. 1176].)
 When the words annoy or molest are used in reference to offenses against children, there is a connotation of abnormal sexual motivation on the part of the offender. [14] Although no specific intent is prescribed as an element of this particular offense, a reading of the section as a whole in the light of the evident purpose of this and similar legislation enacted in this state indicates that the acts forbidden are those motivated by an unnatural or abnormal sexual interest or intent with respect to children. It should be noted further that the section must be construed reasonably as setting up an objective test for annoyance or molestation; a childish and wholly unreasonable subjective annoyance, arising, for example, from a child's dislike for proper correction by a teacher, is not covered by the section. The annoyance or molestation which is forbidden is in no sense a purely [112 Cal.App.2d Supp. 902] subjective state on the part of the child. The objectionable acts of a defendant constitute the annoyance or molestation contemplated by the statute. (See State v. Chaplinsky, 91 N.H. 310 [18 A.2d 754].)
 In two instances the upper courts of this state have upheld section 647a of the Penal Code; although the exact points which were raised herein were not directly ruled upon, the observations of the appellate court in approving the section in its earlier form should be noted. (People v. Smoot, 97 Cal.App.2d 306 [217 P.2d 732]; Phillips v. Municipal Court, 24 Cal.App.2d 453 [75 P.2d 548].)
 [15] It is the view of this court that section 647a as amended is sufficiently clear and definite to state a public offense, and that the demurrer was, therefore, improperly sustained.
 It is ordered, adjudged and decreed that the decision of the Municipal Court of the Fresno Judicial District be, and it hereby is; reversed and the cause remanded with directions to overrule the demurrer to the complaint and to proceed with the arraignment and trial of the defendant.
 Shepard, P. J., and DeWolf, J., concurred.