[No. S064118. Nov. 2, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
CAESAR AUGUSTUS LOPEZ, Defendant and Appellant.

**COUNSEL**

Diane Nichols, under appointment by the Supreme Court, and Stefanie A. Sada, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Robert M. Foster, Warren P. Robinson and Randall D. Einhorn, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CHIN, J.**—In this case we consider whether the trial court, in instructing the jury on the elements of the charged felony offense of committing a lewd act upon a child under the age of 14 (Pen. Code, § 288, subd. (a)),[1] erred in failing also to instruct, on its own motion, regarding the misdemeanor offense of child annoyance (§ 647.6, subd. (a)). We conclude, consistent with the Court of Appeal decision below, that child annoyance is not a lesser included offense requiring sua sponte instructions. As we explain, the lesser offense of child annoyance requires commission of an *objectively* offensive act of annoyance or molestation, an element not necessarily present in the greater offense of committing a *subjectively* lewd act.

We have taken the following uncontradicted facts in large part from the Court of Appeal decision in this case. Defendant Caesar Augustus Lopez was charged by amended information in count 1 with committing a lewd act on a child under the age of 14 (§ 288, subd. (a)), with enhancement allegations that he kidnapped the victim for purposes of committing a sexual offense (§ 667.8, subd. (b)), in a manner that substantially increased the risk of harm to the victim (§ 667.61, subds. (a), (c)(4), (d)(2)), and in violation of section 207, 208, 209 or 209.5 (§ 667.61, subds. (b), (c), (e)). Count 2 of the amended information charged defendant with possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). The amended information also charged a prior serious felony conviction within the meaning of section 667, subdivision (a)(1), and a prior serious or violent felony conviction within the meaning of section 667, subdivisions (b) through (i).

Defendant pleaded guilty to count 2. The jury convicted him of count 1 and found true the count 1 enhancement allegations. Defendant admitted the truth of the prior serious or violent felony conviction allegations. He was sentenced to state prison for an aggregate term of 61 years to life.

---

[1]All further statutory references are to the Penal Code unless otherwise specified.

## I. The Evidence

Late one afternoon in 1995, five-year-old Arielle H. visited her friend Vicky at an apartment building in Escondido. While Vicky and Arielle were playing outside the building, defendant approached them, held out a lollipop, and asked, "Hey, little girl, want some candy?" Vicky warned Arielle not to take the candy and not to talk to strangers, but Arielle took the lollipop.

Defendant told Arielle he was going to take her home. (Arielle's testimony was unclear and contradictory on this point: At times she denied that defendant told her he was taking her home, and at other times she claimed he did say that.) She accompanied him. They walked approximately 90 feet, rounded a corner, and walked another 118 feet on a more secluded walkway bordered in part by a block wall and a fence. Defendant then touched Arielle on her vaginal area through her underwear. Vicky saw defendant touching Arielle and thought he was trying to lift her. Vicky grabbed Arielle by the arm and pulled her away from defendant. The girls ran to Vicky's mother and told her what had occurred.

Neighbors detained defendant until police arrived. Police searched him and found two lollipops and a jar of Vaseline. (Detective Claytor testified that child molesters sometimes use lubricants such as Vaseline to masturbate or to allow penetration of younger children.) Defendant had purchased two lollipops and a jar of Vaseline earlier that day at a store two blocks from Vicky's apartment.

Defendant waived his *Miranda* rights.[2] He told police he had gone to the apartment complex to visit a woman and had spoken to a man about renting an apartment. He noticed the two girls and touched the friendlier one. He admitted touching Arielle's vagina through her dress for purposes of sexual gratification. He admitted having sexual fantasies about children.

The next day defendant telephoned a social worker he knew and told her about his involvement in a child molestation. He stated he accepted responsibility for his actions and wanted to go to jail because "it would be safe for him [there]."

A few days later, Detective Claytor contacted defendant, who told Claytor he was worried about reuniting with his family because he feared he might molest someone again. Defendant stated he felt he could not control himself.

The evidence also showed that in 1984 defendant had engaged in similar misconduct involving seven-year-old Taron S., who was playing with friends

[2]*Miranda* v. *Arizona* (1966) 384 U.S. 436 [86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974].

at a school yard when defendant approached her and asked for her help in locating a missing cat. He walked with her to a kindergarten playground, where he gave her a lollipop. They then walked down an alley, and defendant led her by the wrist to his truck, placed her inside, and drove away. He kept Taron in the truck for a five-hour period, during which he repeatedly molested her. He touched her vagina over her dress, and, after placing Vaseline on his hand, he touched her under her dress. He forced her to touch his penis with her hands and mouth and to masturbate him until he ejaculated. He eventually released her near the school after threatening to hurt her or her family if she said anything about the incident.

## II. Discussion

Defendant argues that the trial court was obliged to instruct sua sponte on misdemeanor child annoyance (§ 647.6, subd. (a)) as a lesser included offense of the principal charge of felony lewd conduct (§ 288, subd. (a)). In pertinent part, section 288, subdivision (a), states a felony offense for any person who "willfully and lewdly commits any lewd or lascivious act" on the body of a child under the age of 14, "with the intent of arousing . . . the lust, passions, or sexual desires of that person or the child." Section 647.6, subdivision (a) (formerly section 647a), states a misdemeanor offense for every person who "annoys or molests any child under the age of 18."

According to defendant, the jury could have had a reasonable doubt as to whether he entertained a lustful intent when he touched Arielle. He suggests the jury might have believed he was merely trying to "lift" Arielle, as Vicky described, and move her to another location where he could commit the lewd conduct offense. In defendant's view, a properly instructed jury could have found his acts did not amount to lewd conduct under section 288, subdivision (a), but instead constituted acts of annoyance or molestation within the proscriptions of section 647.6, subdivision (a). We conclude that, because section 647.6, subdivision (a), is not a lesser included offense of section 288, subdivision (a), courts need not give instructions on the former offense sua sponte.

### A. Sua Sponte Instructions

A court must instruct sua sponte on general principles of law that are closely and openly connected with the facts presented at trial. (*People* v. *Wickersham* (1982) 32 Cal.3d 307, 323 [185 Cal.Rptr. 436, 650 P.2d 311], disapproved on other grounds in *People* v. *Barton* (1995) 12 Cal.4th 186, 200-201 [47 Cal.Rptr.2d 569, 906 P.2d 531] (*Barton*).) This sua sponte obligation extends to lesser included offenses if the evidence "raises a

question as to whether all of the elements of the charged offense are present and there is evidence that would justify a conviction of such a lesser offense. [Citations.]" (*People* v. *Ramkeesoon* (1985) 39 Cal.3d 346, 351 [216 Cal.Rptr. 455, 702 P.2d 613]; accord, *Barton, supra,* 12 Cal.4th at pp. 194-195.) As we stated recently, "A criminal defendant is entitled to an instruction on a lesser included offense only if [citation] 'there is evidence which, if accepted by the trier of fact, would absolve [the] defendant from guilt of the greater offense' [citation] *but not the lesser.* [Citations]." (*People* v. *Memro* (1995) 11 Cal.4th 786, 871 [47 Cal.Rptr.2d 219, 905 P.2d 1305], original italics.)

The requirement that courts give sua sponte instructions on lesser included offenses "is based in the defendant's constitutional right to have the jury determine every material issue presented by the evidence. [Citations]." (*People* v. *Ramkeesoon, supra,* 39 Cal.3d at p. 351.) This sua sponte duty to instruct exists even if the defendant expressly objects to the instruction. (*Barton, supra,* 12 Cal.4th at p. 195.) As stated in *Barton,* quoting from an earlier case, " '[A] defendant has no legitimate interest in compelling the jury to adopt an all or nothing approach to the issue of guilt. Our courts are not gambling halls but forums for the discovery of truth.' [Citation.]" (*Id.* at p. 204; see also *People* v. *Birks* (1998) 19 Cal.4th 108, 117-120 [77 Cal.Rptr.2d 848, 960 P.2d 1073][retroactively overruling *People* v. *Geiger* (1984) 35 Cal.3d 510 [199 Cal.Rptr. 45, 674 P.2d 1303, 50 A.L.R.4th 1055]].)

B. *Lesser Included Offenses*

■ To determine whether a lesser offense is necessarily included in the charged offense, one of two tests (called the "elements" test and the "accusatory pleading" test) must be met. The elements test is satisfied when " 'all the legal ingredients of the corpus delicti of the lesser offense [are] included in the elements of the greater offense.' [Citation.]" (*People* v. *Anderson* (1975) 15 Cal.3d 806, 809-810 [126 Cal.Rptr. 235, 543 P.2d 603], quoting *People* v. *Francis* (1969) 71 Cal.2d 66, 73 [75 Cal.Rptr. 199, 450 P.2d 591]; see *People* v. *Lagunas* (1994) 8 Cal.4th 1030, 1034 [36 Cal.Rptr.2d 67, 884 P.2d 1015].) Stated differently, if a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former. (*People* v. *Birks, supra,* 19 Cal.4th at p. 117; *People* v. *Toro* (1989) 47 Cal.3d 966, 972 [254 Cal.Rptr. 811, 766 P.2d 577]; *People* v. *Lohbauer* (1981) 29 Cal.3d 364, 369 [173 Cal.Rptr. 453, 627 P.2d 183].)

Under the accusatory pleading test, a lesser offense is included within the greater charged offense " 'if the charging allegations of the accusatory

pleading include language describing the offense in such a way that if committed as specified the lesser offense is necessarily committed.' [Citation.]" (*People* v. *Toro, supra,* 47 Cal.3d at p. 972, quoting *People* v. *Geiger, supra,* 35 Cal.3d at p. 517, fn. 4; see *People* v. *Lagunas, supra,* 8 Cal.4th at p. 1034.)

### C. *Applying the Elements Test*

 We first apply the elements test of included offenses and compare the elements of section 288, subdivision (a), with those in section 647.6, subdivision (a). Our analysis relies in part on cases decided under former section 647a, the predecessor statute to section 647.6, subdivision (a), as the two statutes are identical in relevant respects. (See *People* v. *Memro, supra,* 11 Cal.4th at p. 871.)

As previously observed, section 288, subdivision (a), states a felony offense for any person who "willfully and lewdly commits any lewd or lascivious act" on the body of a child under the age of 14, "with the intent of arousing . . . the lust, passions, or sexual desires of that person or the child." *Any* touching of a child under the age of 14 violates this section, even if the touching is outwardly innocuous and inoffensive, if it is accompanied by the *intent* to arouse or gratify the sexual desires of either the perpetrator or the victim. (*People* v. *Martinez* (1995) 11 Cal.4th 434, 450-452 [45 Cal.Rptr.2d 905, 903 P.2d 1037].)

Section 647.6, subdivision (a), states a misdemeanor offense for every person who "annoys or molests any child under the age of 18." In contrast to section 288, subdivision (a), section 647.6, subdivision (a), does not require a touching (*People* v. *Memro, supra,* 11 Cal.4th at p. 871) but does require (1) conduct a " 'normal person would unhesitatingly be irritated by' " (*People* v. *Carskaddon* (1957) 49 Cal.2d 423, 426 [318 P.2d 4], quoting *People* v. *McNair* (1955) 130 Cal.App.2d 696, 698 [279 P.2d 800]), and (2) conduct " 'motivated by an unnatural or abnormal sexual interest' " in the victim (*People* v. *Maurer* (1995) 32 Cal.App.4th 1121, 1127 [38 Cal.Rptr.2d 335], italics omitted, quoting *In re Gladys R.* (1970) 1 Cal.3d 855, 867-868 [83 Cal.Rptr. 671, 464 P.2d 127]).

We have observed that the words "annoy" and "molest" in former section 647a (now section 647.6, subdivision (a)) are synonymous and generally refer to conduct designed to disturb, irritate, offend, injure, or at least tend to injure, another person. (*People* v. *Carskaddon, supra,* 49 Cal.2d at p. 426; see *People* v. *Pallares* (1952) 112 Cal.App.2d Supp. 895, 901 [246 P.2d 173].) As *Pallares* observes, "Annoy means to disturb or irritate, especially

by continued or repeated acts [citations]; 'to weary or trouble; to irk; to offend; to disturb or irritate, esp. by continued or repeated acts; to vex; to molest . . . harm; injure.' (Webster's New Internat. Dict. 2d ed.) [¶] The same dictionary defines 'molest' as, 'to interfere with or meddle with unwarrantably so as to injure or disturb.' Molest is, in general, a synonym for annoy. The term 'molestation' always conveys the idea of some injustice or injury. Molest is also defined as meaning to trouble, disturb, annoy or vex. [Citation.] To molest means to interfere with so as to injure or disturb; molestation is a wilful injury inflicted upon another by interference with the user of rights as to person or property. [Citation.] Annoyance or molestation signifies something that works hurt, inconvenience or damage. [Citation.]" (*People* v. *Pallares, supra,* 112 Cal.App.2d at p. Supp. 901.)

"Annoy" and "molest" ordinarily relate to offenses against children, with a connotation of abnormal sexual motivation. The forbidden annoyance or molestation is not concerned with the child's state of mind, but rather refers to the defendant's objectionable acts that constitute the offense. (*People* v. *Carskaddon, supra,* 49 Cal.2d at p. 426.)

Accordingly, to determine whether the defendant's conduct would unhesitatingly irritate or disturb a normal person, we employ an *objective* test not dependent on whether the child was in fact irritated or disturbed. (*People* v. *Kongs* (1994) 30 Cal.App.4th 1741, 1750 [37 Cal.Rptr.2d 327] [section 647.6 contemplates an objective test for annoyance or molestation, so that childish and wholly unreasonable subjective annoyance is not covered]; *People* v. *Thompson* (1988) 206 Cal.App.3d 459, 464-467 [253 Cal.Rptr. 564] [same, as to former section 647a]; *People* v. *Pallares, supra,* 112 Cal.App.2d at pp. Supp. 901-902 [same, as to former section 647a]; see *In re Gladys R., supra,* 1 Cal.3d at p. 868 [primary purpose of former section 647a was protection of children from interference by sexual offenders and the apprehension, segregation, and punishment of those offenders].)

Under the elements test for lesser included offenses, the criminal conduct that section 288, subdivision (a), prohibits could occur without necessarily also violating section 647.6, subdivision (a). Section 288, subdivision (a), requires a touching, even one *innocuous or inoffensive* on its face, done with lewd intent. Section 647.6, subdivision (a), on the other hand, requires *an act objectively and unhesitatingly viewed as irritating or disturbing*, prompted by an abnormal sexual interest in children. Clearly, not every touching with lewd intent will produce the objective irritation or annoyance necessary to violate section 647.6.

For example, a lewdly intended embrace innocently and warmly received by a child might violate section 288, without violating section 647.6, if a

normal person would not unhesitatingly find the embrace irritating or disturbing. Physical affection among relatives, generally considered acceptable conduct, nonetheless could satisfy the "any touching" aspect of section 288, subdivision (a), and violate that section if accompanied by the requisite lewd intent. However, this objectively inoffensive behavior would not violate section 647.6, subdivision (a).

Defendant argues that a violation of section 288, subdivision (a), necessarily violates section 647.6, subdivision (a), because touching a child *with lewd intent* would disturb or annoy any normal person having knowledge of this intent. We disagree with defendant's premise that an *objective* appraisal of his conduct would include consideration of his intent. First, as we have seen, the ordinary meaning of the statutory terms is inconsistent with defendant's reading, under which a person might "annoy" or "molest" a child by committing an outwardly innocent act accompanied by a secret, unmanifested sexual motivation. An act that would appear innocent and inoffensive to a normal observer would not, whatever its secret motivation, have a tendency in fact to disturb, vex, interfere with, inconvenience, irritate, trouble or in any manner harm another person. It therefore would not annoy or molest that person. We have no reason to believe the Legislature intended these terms to have other than their ordinary meanings.

As the Court of Appeal in this case observed, "[defendant's] argument . . . is based on the erroneous premise that the disturbing nature of the conduct under section 647.6, subdivision (a), is not evaluated by the objective nature of the conduct alone (i.e., the conduct divorced from any consideration of what motivated the actor), but instead is evaluated by examining the conduct together with the actor's motivations and mental states. However, in the cases decided under section 647.6, subdivision (a), the actor's mental state is disregarded in evaluating whether the element of objectively disturbing conduct has been met. In every reported case in which the courts have upheld convictions under section 647.6, the defendant's objective conduct would have unhesitatingly irritated or disturbed a reasonable person had it been directed at that person regardless of the defendant's intent. [Fn. omitted.]"

Thus, in *McNair*, the defendant exposed himself to a seven-year-old child in a public place, conduct that would irritate or disturb any normal person without regard to the defendant's intent. (*People* v. *McNair, supra,* 130 Cal.App.2d at pp. 697-698.) In *In re Sheridan* (1964) 230 Cal.App.2d 365 [40 Cal.Rptr. 894], the defendants offered to give the child victims a ride, but, after driving a short distance, the defendants refused to allow the victims out of the car and held them against their will for a period of time,

which again was conduct that would irritate or disturb a normal person regardless of the defendants' subjective mental state. (*Id.* at pp. 370-371.) In *Thompson*, the defendant drove alongside a 12-year-old child riding her bicycle. He stared at her and made gestures toward her with his hand and lips. He continued following her for an extended period of time, driving at slow speeds and making U-turns to maintain contact with her. (*People* v. *Thompson, supra,* 206 Cal.App.3d at pp. 461-462.) The court concluded that, although the conduct was not particularly lewd, the "behavior would place a normal person in a state of being unhesitatingly irritated, if not also fearful" (*id.* at p. 467), thereby satisfying the conduct element of former section 647a (now § 647.6, subd. (a)).

Conversely, in the only case we have found that reversed a conviction under former section 647a (now section 647.6, subd. (a)), the court in *Carskaddon* examined the defendant's *conduct*, which consisted of sitting under a tree with two young children, then walking with one of them down a public street. We held that, despite a suspicion that the defendant might have intended later to molest the child, his conduct would not have unhesitatingly irritated or disturbed a normal person. (*People* v. *Carskaddon, supra,* 49 Cal.2d at pp. 426-427.)

Of course, none of these cases are conclusive, as none expressly hold that a subjective lewd intent alone would be insufficient to sustain a conviction under section 647.6. But they do emphasize the necessity for proof of *objectively* annoying conduct, proof unnecessary to sustain a conviction under section 288, subdivision (a). We therefore conclude that neither section 647.6, subdivision (a), nor its predecessor, section 647a, is a lesser included offense of section 288, subdivision (a), under the elements test.

Our analysis requires us to disapprove several Court of Appeal decisions that have reached a contrary conclusion. (See *People* v. *Callan* (1985) 174 Cal.App.3d 1101, 1112 [220 Cal.Rptr. 339]; *People* v. *Gordon* (1985) 165 Cal.App.3d 839, 864 [212 Cal.Rptr. 174]; *People* v. *Poon* (1981) 125 Cal.App.3d 55, 80 [178 Cal.Rptr. 375]; *People* v. *La Fontaine* (1978) 79 Cal.App.3d 176, 183 [144 Cal.Rptr. 729].) None of these cases had the benefit of our decision in *People* v. *Martinez, supra,* 11 Cal.4th at pages 443-452, and its definitive explication of the elements comprising the offense described in section 288, subdivision (a). Without *Martinez* as a guidepost, these earlier cases understandably assumed one could not commit a felonious lewd and lascivious act without also committing misdemeanor child annoyance.

*La Fontaine* did not purport to analyze the elements of the two separate offenses before reaching its conclusion, but instead simply declared: "There

can be no rational dissent from the fact that a violation of [former] section 647a [now section 647.6, subdivision (a)] . . . is necessarily included in the offense provided by . . . section 288 . . . ." (*People* v. *La Fontaine, supra,* 79 Cal.App.3d at p. 183, fn. omitted.) Based primarily on our holding in *People* v. *Martinez, supra,* 11 Cal.4th 434, we respectfully disagree with the ipse dixit holding of *La Fontaine* and subsequent cases making similar statements without undertaking significant analysis. (See *People* v. *Callan, supra,* 174 Cal.App.3d at p. 1112; *People* v. *Gordon, supra,* 165 Cal.App.3d at p. 864; *People* v. *Poon, supra,* 125 Cal.App.3d at p. 80.)

We observe that our own recent authority was equivocal on the subject. (See *People* v. *Memro, supra,* 11 Cal.4th at pp. 870-871 ["It has been held that misdemeanor child molestation under former section 647a was a lesser included offense of section 288. [Citation.] Even if that is so . . . —issues we do not decide—we disagree that he was entitled to an instruction on [former section 647a]."].)

D. *Applying the Accusatory Pleading Test*

Defendant alternatively argues the accusatory pleading in his case described conduct that necessarily would have violated section 647.6, subdivision (a). We disagree. The language of the information on which defendant relies alleged he violated section 288, subdivision (a), by "touch[ing] victim's vaginal area outside of her underwear" for purposes of his sexual gratification. This language does not necessarily allege an *objectively* irritating or annoying act of child molestation, and it could indicate a nonforcible or apparently consensual touching. ■ A defendant can violate section 288, subdivision (a), even if the underage victim appears to consent to the touching, providing the defendant harbors the requisite lewd intent. (*People* v. *Cardenas* (1994) 21 Cal.App.4th 927, 937, fn. 7 [26 Cal.Rptr.2d 567].)

The court in *Lohbauer* faced an analogous issue. The accusatory pleading charged the defendant with burglary (§ 459) " 'in that . . . he entered the house of [the victim] . . . with intent to commit theft.' " (*People* v. *Lohbauer, supra,* 29 Cal.3d at p. 368.) The trial court acquitted him of the burglary charge but convicted him of violating section 602.5 (entry of a noncommercial dwelling without the owner's consent). (*People* v. *Lohbauer, supra,* 29 Cal.3d at p. 368.) We concluded that section 602.5 was not a lesser included offense of the charged allegation because a defendant who has entered with the victim's consent can commit burglary, and section 602.5 required lack of consent. (*People* v. *Lohbauer, supra,* 29 Cal.3d at p. 369.)

■ As the Court of Appeal in this case correctly explained, "We therefore assess whether the conduct described in the accusatory pleading—a

nonforcible or consensual touching of the vaginal area of a female through her clothing—necessarily violates section 647.6, subdivision (a). The answer is no. A female child who rides on her father's shoulders might have contact between her vaginal area and her father's neck or shoulders, but that contact would not unhesitatingly irritate or disturb a reasonable person."

### III. Conclusion

We therefore conclude that section 647.6, subdivision (a), is not a lesser included offense of section 288, subdivision (a), under either the elements test or the accusatory pleading test. Accordingly, the trial court had no sua sponte duty to instruct on the lesser offense. That being so, we need not address the People's alternative argument that the evidence was insufficient to warrant instructions on the lesser offense. (See *People* v. *Memro, supra,* 11 Cal.4th at p. 871; *People* v. *Hawkins* (1995) 10 Cal.4th 920, 952-954 [42 Cal.Rptr.2d 636, 897 P.2d 574].)

The Court of Appeal had ordered the case remanded for reconsideration of the sentence under *People* v. *Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628], to allow the trial court to exercise the discretion discussed in that case. The People have not objected to that remand, which appears proper. Accordingly, we affirm the judgment of the Court of Appeal remanding the matter for resentencing consistent with the sentencing standard set forth in *Romero* and affirming the trial court's judgment in all other respects.

George, C. J., Mosk, J., Kennard, J., Werdegar, J., and Brown, J., concurred.

**BAXTER, J.,** Concurring.—I agree with the majority's reasoning and result. I write separately to make two additional points.

First, the People have consistently asserted that even if misdemeanor child molestation (Pen. Code, § 647.6, subd. (a) (section 647.6(a))[1] *were* a lesser necessarily included offense of the felony of lewd touching of a child (§ 288, subd. (a) (section 288(a))), defendant would have had no right to a sua sponte instruction on that lesser offense, because there was no substantial evidence he was guilty of the lesser rather than the greater offense. The majority note the issue, even to the point of describing defendant's contrary argument, but they decline to resolve it. Rather than leave any impression that substantial evidence of mere molestation may have existed, I would conclude, as a separate and independent ground for affirming the judgment of the Court of Appeal, that the People are correct.

---

[1]All further unlabeled statutory references are to the Penal Code.

As the majority generally explain, a violation of section 288(a) is committed whenever one touches a child under the age of 14 for the immediate purpose of giving or receiving sexual gratification. The external circumstances or appearances of the touching are irrelevant; the crime is defined by the subjective mental state of the toucher. On the other hand, a violation of section 647.6(a) requires conduct toward a child, not limited to touching, which a reasonable person would unhesitatingly find irritating or annoying. However, as interpreted by the case law, this offense also requires perverse sexual motivation; the irritating or annoying behavior must stem from an unnatural or abnormal sexual interest in the child.

Here the evidence was conclusive that defendant touched Arielle H. on her vagina through her dress. In response to specific questions during his police interview, defendant repeatedly admitted he was sexually attracted to children, approached Arielle H. for that reason, and touched her private parts for the purpose of obtaining immediate sexual gratification. By his own admission, therefore, defendant satisfied all the elements of a violation of the charged offense, section 288(a).

Defendant posits there was evidence from which the jury could infer that the touching was done not for *immediate* gratification, as is required under section 288(a), but was a mere preparatory act intended to remove Arielle H. to another place where gratification could occur. This inference, defendant suggests, would in turn permit the conclusion that he did not violate section 288(a), but did nonetheless engage in irritating or annoying conduct toward Arielle H. for sexual reasons, and thus molested her within the meaning of section 647.6(a).

However, there is no evidence that defendant engaged in sexually motivated conduct other than a lewd touching. Defendant made no suggestion that he merely happened to touch Arielle's vagina during a preparatory act; instead, he *admitted* a touching for the purpose of *immediate* gratification. Defendant notes the testimony of Arielle's friend Vicky that *she thought* defendant was trying to lift Arielle, but Vicky's opinion cannot contradict defendant's own description of his intent and state of mind when the touching occurred.

At various times in his police interview, defendant did state that he was just telling his interrogators what they wanted to hear, and that his real motive for approaching and touching Arielle H. was that he had a methamphetamine problem, was not ready to reunite with his family, and therefore wished to be caught and returned to prison. This alternate explanation does not support the theory of a sexually motivated preparatory act which defendant has pursued on appeal. Indeed, this version suggests an *absence* of the sexual elements of *both* the charged offense *and* the lesser offense.

Thus, only speculation, contradicted by defendant's express descriptions of his conduct and specific mental state, supports the notion that he engaged in annoying and irritating conduct toward Arielle for sexual reasons, but did not touch her for the purpose of immediate sexual gratification. For this reason, in addition to that set forth by the majority, the instant trial court had no sua sponte obligation to instruct on misdemeanor molestation.

Second, some additional comments on the meaning of the terms "annoy[]" and "molest[]," as used in section 647.6(a), may be in order. As the majority explain, to "annoy[] or molest[]" a child in violation of this statute is to engage in conduct, directed at a person under the age of 18, (1) by which a normal person would " 'unhesitatingly be irritated' " (*People* v. *Carskaddon* (1957) 49 Cal.2d 423, 426 [318 P.2d 4] (*Carskaddon*), quoting *People* v. *McNair* (1955) 130 Cal.App.2d 696, 698 [279 P.2d 800] (*McNair*)) and (2) which is " 'motivated by an unnatural or abnormal sexual interest' " in the underage victim (*People* v. *Maurer* (1995) 32 Cal.App.4th 1121, 1127 [38 Cal.Rptr.2d 335], quoting *In re Gladys R.* (1970) 1 Cal.3d 855, 867 [83 Cal.Rptr. 671, 464 P.2d 127] (*Gladys R.*)). Whether the conduct would unhesitatingly irritate a reasonable person is judged by an objective standard, does not depend on whether the victim was annoyed in fact, and is distinct from the issue of the perpetrator's actual perverse sexual motive (e.g., *People* v. *Kongs* (1994) 30 Cal.App.4th 1741, 1750 [37 Cal.Rptr.2d 327]; *People* v. *Thompson* (1988) 206 Cal.App.3d 459, 464-467 [253 Cal.Rptr. 564] (*Thompson*)), which motive must be separately proven.

On the other hand, I question any inference that in deciding whether particular conduct was objectively irritating or annoying, the fact finder must consider only the inherent nature of the behavior itself, *in utter isolation from its factual context*. I doubt that section 647.6(a) is violated only by conduct which is objectively offensive *in any setting and under any circumstances*.

The statute, of course, speaks of "annoy[ing] or molest[ing] *a child*." (§ 647.6(a), italics added.) Thus, the question becomes whether the conduct would be "unhestitatingly" irritating or annoying to a reasonable person when directed *at a child*. Moreover, the principal purpose of the molestation statute is not to shield children from rude or frightening encounters. Instead, the terms "annoy[]" and "molest[]," in their statutory context, carry " 'a connotation of *abnormal sexual motivation* on the part of the offender' " (*Carskaddon, supra*, 49 Cal.2d 423, 426, quoting *People* v. *Pallares* (1952) 112 Cal.App.2d Supp. 895, 901 [246 P.2d 173] (*Pallares*), italics added), and the purpose of section 647.6(a) is to protect children from interference by *sexual offenders*. (*Gladys R., supra*, 1 Cal.3d 855, 868.) As was said of the predecessor of section 647.6(a), " 'It is common knowledge that the subject

of sex offenders, and particularly the protection of the young from *improper advances*, has in recent years engaged the close attention of the Legislature and of the general body of the citizens of this state.' " (*People* v. *Moore* (1955) 137 Cal.App.2d 197, 199 [290 P.2d 40] (*Moore*), quoting *Pallares*, *supra*, 112 Cal.App.2d at p. Supp. 900, italics added.)

This purpose is undermined by any inference that the statute *only* applies to behavior which would be overtly obnoxious, repulsive, frightening, or disconcerting in any context.[2] Sex offenders do not always approach their underage victims with behavior that is rude, obscene, or offensive on its face. Often they employ subtler means, capitalizing on childish naiveté and vulnerability to befriend, entice, and lure. Cognizant of this danger, the community understands that conduct deemed innocuous when it occurs among adults, or in a setting of family or friends, may take on a more sinister connotation when directed, for example, toward a child whom the perpetrator does not know.

Accordingly, in my view, irritating or annoying conduct, for purposes of section 647.6(a), includes behavior toward a child which a reasonable person aware of all the external circumstances would *readily suspect* to be motivated by an unnatural or abnormal sexual interest in the victim. By necessary inference, any basis for such a suspicion that is well grounded in the objective facts renders the conduct in question "unhesitatingly" irritating and annoying to a reasonable person.

Thus, in deciding whether conduct not offensive on its face was nonetheless unhesitatingly irritating or annoying in context, the factfinder should be able to consider all the circumstances in which it occurred. These may include, among other things, the prior relationship, if any, between the child and the defendant, whether there was any legitimate reason for contact between the defendant and the child, the respective ages of the defendant and the child, both absolute and relative to each other, whether adults were present when the contact occurred, and whether the nature and persistence of the contact would readily cause a reasonable person to suspect the defendant's perverse motivation.

Such a construction of section 647.6(a) does not ignore the separate requirement that the conduct *actually be motivated* by the perpetrator's unnatural or abnormal sexual interest in the child. Conduct toward a child which a reasonable person would *readily suspect* to be motivated by a perverse sexual interest in the victim may be unhesitatingly irritating or

---

[2] Indeed, other statutes criminalize lewd or obscene public acts. (E.g., §§ 314, subd. 1 [indecent exposure], 647, subd. (a) [lewd or dissolute public behavior].)

annoying to such a person, but it still does not violate the statute unless there was perverse sexual motivation in fact.[3]

Furthermore, this interpretation does not affect the majority's conclusion that molestation, as defined by section 647.6(a), is not a lesser necessarily included offense of lewd touching, as defined by section 288(a). It remains true that a violation of section 288(a) can be committed without necessarily committing a violation of section 647.6(a). This is because the former statute can be violated even by a touching that a reasonable person *would not* readily suspect to be sexually motivated, if the touching was actually done to give or receive immediate sexual gratification. (*Martinez, supra*, 11 Cal.4th 434, 444-452.)

Nor has prior authority so settled the construction of section 647.6(a) as to require an overtly lewd, obscene, or offensive act. Quoting the Court of Appeal opinion in this case, the majority observe that " 'In every reported case in which the courts have upheld convictions under section 647.6[(a)], the defendant's objective conduct would have unhesitatingly irritated or disturbed a reasonable person *had it been directed at that person* regardless of the defendant's intent. [Fn. omitted.]' " (Maj. opn., *ante*, at p. 291, italics added.) However, because the issue was not narrowly presented therein, none of those decisions clearly hold that the statute *cannot* be violated *except* by conduct which rises to that level.

Nor does *Carskaddon, supra*, 49 Cal.2d 423, clearly require that the objectionable act itself be overtly lewd, obscene, or offensive. While *Carskaddon* noted that its facts were distinguishable on that ground from those of *McNair, supra*, 130 Cal.App.2d 696, and *Moore, supra*, 137 Cal.App.2d 197, the narrow holding of *Carskaddon* is only that the particular evidence there at issue was insufficient to establish a violation of the molestation statute.

In that case, a citizen observed the defendant in the company of a six-year-old girl and a four-year-old boy in a public park. (*Carskaddon, supra*, 49 Cal.2d 423, 425.) After the boy left, the defendant remained under

---

[3]This is not to say that the circumstances of the conduct are not relevant or probative on the issue of the defendant's subjective state of mind. (Cf. *People* v. *Martinez* (1995) 11 Cal.4th 434, 445 [45 Cal.Rptr.2d 905, 903 P.2d 1037] [lewd touching] (*Martinez*).) Of course, the focus of the molestation statute is on the defendant's "unnatural or abnormal" sexual interest. (*People* v. *Maurer, supra*, 32 Cal.App.4th 1121, 1127.) That narrow focus would appear to place beyond the statute's purview any normal sexually motivated conduct, not otherwise prohibited, between an 18-year-old high school senior and his or her 16- or 17-year-old sweetheart.

a tree with the girl for about 10 minutes. (*Ibid.*) The two then went to a concession stand, where he bought her an ice cream bar. (*Ibid.*) Thereafter, the defendant "walked down a public street with the little girl by his side, and . . . when stopped and queried by [a police] officer, . . . stated that the girl was lost and he was taking her home." (*Id.*, at p. 426.) The girl told the officer the defendant was taking her down to the river " 'to show her—,' " but her statement was interrupted. (*Ibid.*) Although the two were walking in a direction away from the girl's address, *Carskaddon* reasoned, there was no evidence the defendant was not "innocently befriending" the girl and did not ultimately intend to escort her home after taking her to the river for an innocent purpose. (*Ibid.*) Thus, *Carskaddon* concluded, there was no substantial evidence of anything other than "friendly noncriminal activity"; suspicions of an ulterior motive were mere "speculation." (*Ibid.*)

*Carskaddon* did not indicate whether it found insufficient evidence that the conduct was objectively annoying, or whether the perceived deficiency related to the defendant's subjective intent. Indeed, *Carskaddon* did not appear to recognize these two independent elements of the offense as they have since been confirmed (see, e.g., *Gladys R., supra*, 1 Cal.3d 855, 867), and may thus have assumed that if the *act itself* were not " 'so lewd or obscene that the normal person would unhesitatingly be irritated by it' " (*Carskaddon, supra*, 49 Cal.2d 423, 426, quoting *McNair, supra*, 130 Cal.App.2d 696, 698), problems of vagueness and overbreadth might arise.[4] Moreover, the evidence in *Carskaddon* was indeed ambiguous with respect to both elements. The defendant claimed the child he befriended was lost, and so far as appears in the *Carskaddon* opinion, no evidence contradicted that claim. Hence, there may have been neither a basis for "ready" suspicion, and thus "unhesitating" irritation, concerning the defendant's objective conduct, nor adequate proof that the defendant actually was motivated by sexual interest in the child.

---

[4]In *Thompson, supra*, 206 Cal.App.3d 459, the court noted *Carskaddon*'s failure to distinguish the objective conduct element from the subjective intent element. (*Id.* at p. 465.) *Thompson* further confirmed that the objective conduct need not be overtly lewd or obscene. (*Id.* at p. 466.) Of course, the words "annoy[]" and "molest[]" in section 647.6(a) must be interpreted with sufficient precision and certainty to give adequate public notice of what acts are prohibited. (See, e.g., *In re Sheridan* (1964) 230 Cal.App.2d 365, 372 [40 Cal.Rptr. 894]; *Pallares, supra*, 112 Cal.App.2d Supp. 895, 901.) But that obligation is satisfied by limiting those terms to confrontations with a child (1) that would "unhesitatingly" irritate or annoy a reasonable person, either because they are overtly offensive, *or* because a reasonable person would *readily suspect* them to stem from an unnatural or abnormal sexual interest in the victim, *and* (2) that are in fact motivated by perverse sexual interest. Under this standard, all ambiguities must be resolved in the defendant's favor, and there is no danger of conviction "on *mere* suspicion or reputation, [or] by mistake." (*Thompson, supra*, 206 Cal.App.3d at p. 466, italics added.)

Accordingly, I do not read *Carskaddon* as precluding the construction I propose. Nor, at length, do I interpret the majority's opinion to foreclose such an interpretation in a case where the issue is directly presented. With these caveats, I join the reasoning and result adopted by the majority.