Filed 5/22/23  P. v. Chavez CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | B322454 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA129793) |
| v. | |
| JOSE MANUEL CHAVEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Victor D. Martinez, Judge.  Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield and Nicholas J. Webster, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Jose Manuel Chavez appeals the judgment entered following a jury trial in which he was convicted as charged on one count of assault with a deadly weapon in violation of Penal Code[1] section 245, subdivision (a)(1). Appellant admitted a prior strike conviction (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and the trial court sentenced him to two years, doubled to four years for the strike.

Appellant contends the trial court's refusal to instruct the jury on the lesser included offense of simple assault requires reversal. We disagree and affirm.

## FACTUAL BACKGROUND

Around 3:00 p.m. on February 15, 2022, appellant entered a CVS store in Pomona and began walking through the aisles removing items from the shelves. Jessar Lanuza, a CVS store manager, had seen appellant in the store on more than 10 prior occasions. Appellant was often aggressive and sometimes engaged in shoplifting; Lanuza described him as "a presence in the store" whose loitering made the "staff and customers uncomfortable." Lanuza had previously asked appellant to leave and made it clear that he was not welcome in the store.

Upon learning that appellant was in the store on this occasion, Lanuza approached him and said, " 'Hey, what are you doing here?' " Appellant aggressively replied, " 'Leave me alone. Get away.' " Feeling it was not safe to be around appellant, Lanuza went to the office to call the police.

Carlos Alvarado was a shift supervisor at CVS. He had seen appellant in the store a "handful of times." Appellant

---

[1] Undesignated statutory references are to the Penal Code.

2

generally caused trouble, and Alvarado had asked him to leave the store "[a]lmost on every single encounter" he had with him.

When Alvarado saw appellant in the store on February 15 around 3:00 p.m., he immediately informed Lanuza. Alvarado went back to work, watching as Lanuza interacted with appellant. Alvarado heard Lanuza asking appellant to leave. Eventually Lanuza returned to the office. Appellant continued wandering around the store. Another store employee, Russell, approached appellant, and he also asked appellant to leave. Alvarado told Russell the situation was already being handled and to just leave appellant alone. Then Alvarado again told appellant to leave.

By this time appellant was in the household wares aisle. He was carrying toothpaste, some toothbrushes, and other items in his hands. As he "meander[ed] around," appellant picked up a saucepan, which Alvarado thought he was going to use to carry the merchandise he was holding. Instead, appellant told Alvarado to leave him alone and raised the pot in his right hand behind his shoulder in a threatening manner. Alvarado lifted his left arm toward the pot as appellant lunged at him. Appellant swung the pot at Alvarado's head, striking his glasses and causing them to fall off. Appellant then swung the pot again, this time striking Alvarado full force in the head on his left eyebrow near the temple.

The blow was very painful, causing Alvarado temporarily to lose some vision in his left eye. Alvarado went to the office to get an ice pack for his face, which had started to "swell[ ] up pretty bad." Lanuza testified that when Alvarado came to the office his face was flushed and "already starting to swell up"; it was "very apparent" he had been struck in the face. Lanuza called the

3

paramedics, who arrived and treated Alvarado's face. In addition to the initial swelling, Alvarado developed "a very . . . prominent purple eye," which lasted for a week after the assault. Photographs of Alvarado's injury were shown to the jury.

CVS has a strict hands-off policy, which prohibits employees from interacting physically with customers. A violation of the policy may result in an employee's termination. According to Lanuza and Alvarado, on February 15, 2022, no CVS employee put hands on or otherwise touched appellant at any time before or after appellant struck Alvarado in the face with the saucepan.

Appellant testified that he often visited the CVS where the incident took place, and he shoplifted every time he went because he had a heroin addiction. CVS employees had repeatedly told him not to come to the store.

On the day of the incident, appellant had gone to the CVS to take some hygiene products as well as "buy some stuff." Appellant believed he had an arrangement with Lanuza that he would pick up cans and trash in the parking lot, and Lanuza would not call the police when he came into the store to "help [him]self" to what he needed.[2] Because of the supposed agreement, appellant was confused when Lanuza confronted him and told him to leave, and told Lanuza he did not want any problems.

Appellant continued shopping. The next thing he knew, Alvarado started chasing him. Twice appellant said he did not want any problems and backed up. He felt like he was being

_____

[2] Lanuza denied the existence of any such arrangement with appellant.

4

cornered by Alvarado and another employee. Appellant was afraid they were going to pin him down. At that point, appellant no longer cared about the items he had picked up; he just wanted to leave the store. When one of the men approached appellant with a raised fist, appellant "chucked the stuff" he was holding. Appellant also testified that he "[threw] stuff at the aisle" or dropped the items.

Appellant denied picking up a saucepan and striking Alvarado in the face. But he also admitted he was "high out of [his] mind" at the time and did not recall whether he picked up the pot or struck Alvarado with it. When specifically asked if he assaulted Alvarado, appellant replied simply that he did not "recall that part."

## DISCUSSION

### The Trial Court Correctly Declined to Instruct the Jury on Simple Assault Because Substantial Evidence Did Not Support Any Instruction on a Lesser Included Offense

Appellant contends the trial court prejudicially erred in failing sua sponte to instruct the jury on simple assault (§ 240) as a lesser included offense of assault with a deadly weapon (§ 245, subd. (a)(1)). Arguing that it is reasonably probable that had the jury been instructed with the lesser included offense, it would have returned a different verdict, appellant asserts reversal is required. (See *People v. Watson* (1956) 46 Cal.2d 818, 836–837 (*Watson*).) We disagree.

1. *Proceedings below*

The trial court raised the issue of instruction on lesser included offenses with the parties before closing arguments but after the court had instructed the jury. While acknowledging

5

that simple assault is a lesser included offense of assault with a deadly weapon, the court found on the facts of this case there was no substantial evidence that only a simple assault had occurred. The court explained, "If anything, there was evidence that it was a battery; but battery is not a lesser included offense of assault with a deadly weapon.  As a result, I did not include any lessers. [¶]  Does either counsel wish to be heard?"  Defense counsel submitted without argument.

2. *Legal principles*

A simple assault is "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." (§ 240.)  The only difference between simple assault and assault with a deadly weapon (§ 245, subd. (a)(1)) is that the latter requires proof of the additional element that in committing the assault, the defendant used a deadly weapon or instrument other than a firearm. (*People v. McDaniel* (2008) 159 Cal.App.4th 736, 748 (*McDaniel*).)  Because an assault with a deadly weapon cannot be committed without necessarily committing a simple assault, simple assault is a lesser included offense of assault with a deadly weapon. (*McDaniel*, at pp. 747–748; *People v. Lopez* (1998) 19 Cal.4th 282, 288 ["if a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former"].)

A "trial court has an independent obligation to instruct the jury on all lesser included offenses the evidence warrants, even against the defense's wishes.  Such instructions are required when, but only when, a jury could reasonably conclude that the defendant committed the lesser offense but not the greater one." (*People v. Hardy* (2018) 5 Cal.5th 56, 98; *People v. Westerfield* (2019) 6 Cal.5th 632, 718; *People v. Duff* (2014) 58 Cal.4th 527,

6

561; *People v. Breverman* (1998) 19 Cal.4th 142, 161–162.) However, "[n]o instruction on lesser included offenses is required if there is no evidence that there was any offense less than that charged." (*People v. Vargas* (2020) 9 Cal.5th 793, 827.) Further, instructions on a lesser included offense are not justified based on "the existence of '*any* evidence, no matter how weak,' " (*Breverman*, at p. 162; *People v. Whalen* (2013) 56 Cal.4th 1, 68), and mere " '[s]peculation is an insufficient basis upon which to require the giving of an instruction on a lesser offense' " (*Westerfield*, at p. 718).

We review independently the question of whether a trial court erroneously failed to instruct on a lesser included offense. (*People v. Nieves* (2021) 11 Cal.5th 404, 463.) If error is found, that error is subject to the harmless error standard of review under *Watson*, *supra*, 46 Cal.2d at pages 836–837. (*People v. Gonzalez* (2018) 5 Cal.5th 186, 196 ["The failure to instruct on lesser included offenses supported by substantial evidence was state law error"].) Under that standard, "[r]eversal is required only if it is reasonably probable the jury would have returned a different verdict absent the error or errors complained of." (*People v. Prince* (2007) 40 Cal.4th 1179, 1267.)

3. *There was no substantial evidence to support instruction on the lesser included offense of simple assault.*

Appellant's testimony did not amount to substantial evidence that he committed only the lesser offense of simple assault but not the greater one of assault with a deadly weapon. Appellant testified that as Alvarado approached him, he "chucked the stuff," "[threw] stuff at the aisle," or simply dropped the items he was holding in his hands. He never said he threw "the stuff" *at* anyone, and he did not see any of the items *strike* anyone.

7

Indeed, the only mention of throwing anything *at* a person came from a question by defense counsel, which appellant did not answer.[3] Thus, according to appellant's own version of events, there was no evidence of any assault at all: He denied striking Alvarado with a saucepan, and the items he was carrying fell harmlessly to the floor when he chucked them away. (See *People v. Campbell* (2020) 51 Cal.App.5th 463, 503 ["An instruction on a lesser included offense is not required 'when the evidence shows that the defendant is either guilty of the crime charged or not guilty of any crime' "].)

Even if appellant's testimony were sufficient to establish a simple assault based on throwing the items at Alvarado, any error in failing to instruct on simple assault was harmless because the evidence of simple assault did not contradict the overwhelming evidence in support of the conclusion that appellant committed the greater crime of assault with a deadly weapon by hitting Alvarado in the face with a pot. Appellant's denial that he struck Alvarado on the head—which was the only evidence supporting his innocence—was itself highly equivocal: Appellant confessed he was "high out of [his] mind" at the time and had no recollection whether he even picked up the saucepan or whether he struck Alvarado with it.

Moreover, the injury to Alvarado's face was undisputed. Immediately after he was hit with the pot, Alvarado's face turned red and "swelled up pretty bad." Alvarado lost vision in his left

---

[3] Appellant's answer to defense counsel's question—"So you're saying that you physically just, like, threw the items at the —at the person's, like, torso area?"—was completely nonresponsive.

eye for a moment after being struck, and he had a "prominent" black eye for a week afterward. According to Lanuza, it was "very apparent" Alvarado had been struck in the face. There was no evidence whatsoever to even suggest that someone other than appellant could have been the perpetrator.

In short, the evidence that appellant stuck Alvarado in the face with a heavy object was overwhelming and supported conviction of one crime only: assault with a deadly weapon. (*McDaniel, supra*, 159 Cal.App.4th at p. 749 [based on extent of victim's injuries, there was no substantial evidence of a simple assault rather than an assault by means likely to produce great bodily injury].) Indeed, and as we also conclude, given the paucity of evidence to support a simple assault in this case, the trial court did not err in declining to instruct the jury on simple assault as a lesser included offense of assault with a deadly weapon. (*People v. McCoy* (1944) 25 Cal.2d 177, 187 ["The law is well settled in this state that the trial court may properly refuse to instruct upon simple assault where the evidence is such as to make it clear that if the defendant is guilty at all, he is guilty of the higher offense"]; *People v. Lesnick* (1987) 189 Cal.App.3d 637, 643 [a trial court has no duty to instruct on simple assault as a lesser included offense of assault with a deadly weapon where the evidence of the use of a deadly weapon is uncontroverted]; see also *People v. Wyatt* (2012) 55 Cal.4th 694, 704.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

                                        KWAN, J.*

We concur:



ASHMANN-GERST, Acting P. J.



HOFFSTADT, J.

---

10