176 Cal.App.4th 633 (2009)
THE PEOPLE, Plaintiff and Respondent,
v.
JOSE ANGEL FLORES, Defendant and Appellant.[*]
No. F055859.
Court of Appeals of California, Fifth District.
August 11, 2009.
CERTIFIED FOR PARTIAL PUBLICATION[]
*636 Gretchen Franklin, under appointment by the Court of Appeal, for Defendant and Appellant.
Edmund G. Brown, Jr., Attorney General, Michael P. Farrell, Assistant Attorney General, R. Todd Marshall and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION
CORNELL, J.
A jury convicted Jose Angel Flores of violating Penal Code sections 4501.1 (battery by gassing),[1] 4501.5 (battery by a prisoner on a nonprisoner), and 69 (interfering with a peace officer in the performance of his duties). Flores argues reversal is required because the trial occurred before his Pitchess[2] motion was heard. We conclude that Flores waived the right to a hearing on the motion by refusing to continue the trial date.
In the published portion of the opinion, we conclude that battery by gassing is a necessarily included offense of battery by a prisoner on a nonprisoner. Accordingly, Flores should not have been convicted of violating section 4501.1 once the jury found him guilty of violating section 4501.5. We therefore will vacate the section 4501.1 conviction and remand the matter to the trial court for resentencing.

FACTUAL AND PROCEDURAL SUMMARY
Flores was imprisoned at Wasco State Prison. On November 15, 2007, he was being transported between cells by Correctional Officer Jerry Brazeal. Brazeal testified that after Flores arrived in his new holding cell, Brazeal *637 instructed Flores to stand facing the back wall so Brazeal could exit the cell. As Brazeal left the cell, he heard Flores spit, and felt spit hit the back of his uniform. Brazeal turned around and Flores made a derogatory comment and lunged towards Brazeal. Brazeal pushed Flores against the back wall. Flores then spit in Brazeal's face. Flores was subdued without further incident.
Flores was charged with aggravated battery by gassing (§ 4501.1), battery by a prisoner on a nonprisoner (§ 4501.5), and interfering with an officer in the performance of his duties (§ 69). Each count also alleged that Flores had suffered a prior conviction within the meaning of section 667.5, subdivision (b). The jury convicted Flores of each count, and found the enhancement on each count to be true. The trial court sentenced Flores to the midterm of three years on count 1, one year consecutive on count 2, and one year for the section 667.5 enhancement, for a total term of five years.

DISCUSSION

I. Failure to Hear Pitchess Motion before Trial[*]

II. The Sections 4501.1 and 4501.5 Convictions

(1) Flores was convicted of violating sections 4501.1 and 4501.5. The trial court imposed consecutive sentences on these counts. Flores argues, and the People concede, that a violation of section 4501.5 is a necessarily included offense of a violation of section 4501.1. We agree there is a lesser included offense, but the parties have the sections reversed: A violation of section 4501.1 is a necessarily included offense of a violation of section 4501.5.
(2) The issue of lesser included offenses arises because of the tension between sections 954 and 654. Section 954 provides that an accusatory pleading may charge different statements of the same offense, and that the defendant may be convicted of "any number of the offenses charged." (Ibid.) Section 654 provides that while a defendant may be convicted of any number of offenses charged, he or she may be sentenced only once for each criminal act. (Id., subd. (a).)
"In People v. Pearson (1986) 42 Cal.3d 351, 359 [228 Cal.Rptr. 509, 721 P.2d 595], we recognized the tension between these statutes, observing: `This court has long struggled with the problem of permitting multiple *638 convictions while protecting the defendant from multiple punishment.' The solution we have adopted is, in general, to permit multiple convictions on counts that arise from a single act or course of conductbut to avoid multiple punishment, by staying execution of sentence on all but one of those convictions. [Citation.] "But despite the seemingly absolute language of section 954 (`the defendant may be convicted of any number of the offenses charged'), there is an exception to the general rule permitting multiple convictions. `Although the reason for the rule is unclear, this court has long held that multiple convictions may not be based on necessarily included offenses. [Citations.]' [Citation.] `"The test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense." [Citations.]' [Citation.]" (People v. Ortega (1998) 19 Cal.4th 686, 692 [80 Cal.Rptr.2d 489, 968 P.2d 48], overruled on other grounds in People v. Reed (2006) 38 Cal.4th 1224, 1229 [45 Cal.Rptr.3d 353, 137 P.3d 184].)
(3) The test in Ortega is commonly referred to as the elements test. "The elements test is satisfied when `"all the legal ingredients of the corpus delicti of the lesser offense [are] included in the elements of the greater offense." [Citation.]' [Citations.] Stated differently, if a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former. [Citations.]" (People v. Lopez (1998) 19 Cal.4th 282, 288 [79 Cal.Rptr.2d 195, 965 P.2d 713] (Lopez).)
There is, however, a second test for determining whether one offense is necessarily included in another offense, commonly referred to as the accusatory pleading test. Under the accusatory pleading test, "a lesser offense is included within the greater charged offense `"if the charging allegations of the accusatory pleading include language describing the offense in such a way that if committed as specified the lesser offense is necessarily committed." [Citation.]' [Citations.]" (Lopez, supra, 19 Cal.4th at pp. 288-289.)
(4) In this case we must use the elements test because, as explained by the Supreme Court, a defendant cannot be convicted of a necessarily included offense unless it meets the elements test. (People v. Ramirez (2009) 45 Cal.4th 980, 985 [89 Cal.Rptr.3d 586, 201 P.3d 466].) "`Courts should consider [both] the statutory elements and accusatory pleading in deciding whether a defendant received notice, and therefore may be convicted, of an uncharged crime, but only the statutory elements in deciding whether a defendant may be convicted of multiple charged crimes.' [Citation.]" (Ibid.) "Under the `elements' test, we look strictly to the statutory elements, not to the specific facts of a given case. [Citation.] We inquire whether all the statutory elements of the lesser offense are included within those of the greater offense." (Ibid.)
*639 (5) Section 4501.1[3] criminalizes the conduct commonly known as battery by gassing. The elements of a violation of this section are: (1) The defendant was confined in a state prison; (2) while confined, the defendant intentionally caused to be placed or thrown human bodily fluids or substances on the body of a peace officer or state prison employee; and (3) the bodily fluid actually *640 made contact with the skin or a membrane of a peace officer or state prison employee. (Judicial Council of Cal., Crim. Jury Instns. (2008) CALCRIM No. 2722.)[4]
(6) Section 4501.5[5] criminalizes a battery committed by a prisoner on a nonprisoner. The elements of a violation of this section are: (1) The defendant was confined in a state prison; (2) while confined, the defendant willfully touched the victim in a harmful or offensive manner; and (3) the victim was not confined in a state prison. (CALCRIM No. 2723.)[6]
(7) CALCRIM No. 2723 explains that the touching can be done indirectly by causing an object to touch the other person, and that the slightest touching can constitute a battery. (See also People v. Myers (1998) 61 Cal.App.4th 328, 335 [71 Cal.Rptr.2d 518]; People v. Wright (1996) 52 Cal.App.4th 203, 210, fn. 17 [59 Cal.Rptr.2d 316]; 1 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Crimes Against the Person, § 13, p. 646.)
(8) It is obvious that an individual confined in a state prison who gasses a peace officer, such as a correctional guard, or other state prison employee, will always violate both sections 4501.1 and 4501.5. The act of placing or throwing human bodily fluids or excrement, or a substance containing either bodily fluids or excrement, thereby causing such substance to contact the skin or membrane of the employee, also is a harmful or offensive touching. Both sections require the defendant to have acted in a willful manner. By definition, a peace officer or a state prison employee is an individual who is not confined in the state prison. Therefore, by establishing that the defendant has violated section 4501.1, the prosecution also has established that the defendant violated section 4501.5. We cannot conceive of any set of circumstances where a different result could occur.
(9) One could easily conceive of a situation, however, where section 4501.5 is violated and section 4501.1 is not. The act of an individual who is confined in a state prison striking a correctional officer with his fist would be a battery under section 4501.5, but would not constitute gassing as defined in section 4501.1. The prisoner did not utilize human excrement or other bodily fluids in committing the battery. Therefore, section 4501.5 is the greater *641 offense. Because section 4501.1 is a necessarily included offense, Flores should not have been convicted of violating this section once the jury found he had violated section 4501.5.

DISPOSITION
The conviction for violating section 4501.5 is affirmed. The conviction for violating section 4501.1 is vacated. The matter is remanded for resentencing.
Ardaiz, P.J., and Vartabedian, J., concurred.
NOTES
[*] Reporter's Note: This opinion, filed August 11, 2009, was vacated by the Court of Appeal on August 12, 2009. This opinion is thus superseded and not citable under California Rules of Court, rules 8.1105(e)(1) and 8.1115(a). A subsequent opinion in this cause was filed August 17, 2009, and certified for publication. That opinion will be reported in a subsequent advance pamphlet.
[] Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part I.
[1] All further statutory references are to the Penal Code unless otherwise stated.
[2] Pitchess v. Superior Court (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305].
[*] See footnote, ante, page 633.
[3] Section 4501.1 states: "(a) Every person confined in the state prison who commits a battery by gassing upon the person of any peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, or employee of the state prison is guilty of aggravated battery and shall be punished by imprisonment in a county jail or by imprisonment in the state prison for two, three, or four years. Every state prison inmate convicted of a felony under this section shall serve his or her term of imprisonment as prescribed in Section 4501.5.

"(b) For purposes of this section, `gassing' means intentionally placing or throwing, or causing to be placed or thrown, upon the person of another, any human excrement or other bodily fluids or bodily substances or any mixture containing human excrement or other bodily fluids or bodily substances that results in actual contact with the person's skin or membranes.
"(c) The warden or other person in charge of the state prison shall use every available means to immediately investigate all reported or suspected violations of subdivision (a), including, but not limited to, the use of forensically acceptable means of preserving and testing the suspected gassing substance to confirm the presence of human excrement or other bodily fluids or bodily substances. If there is probable cause to believe that the inmate has violated subdivision (a), the chief medical officer of the state prison or his or her designee, may, when he or she deems it medically necessary to protect the health of an officer or employee who may have been subject to a violation of this section, order the inmate to receive an examination or test for hepatitis or tuberculosis or both hepatitis and tuberculosis on either a voluntary or involuntary basis immediately after the event, and periodically thereafter as determined to be necessary by the medical officer in order to ensure that further hepatitis or tuberculosis transmission does not occur. These decisions shall be consistent with an occupational exposure as defined by the Center for Disease Control and Prevention. The results of any examination or test shall be provided to the officer or employee who has been subject to a reported or suspected violation of this section. Nothing in this subdivision shall be construed to otherwise supersede the operation of Title 8 (commencing with Section 7500). Any person performing tests, transmitting test results, or disclosing information pursuant to this section shall be immune from civil liability for any action taken in accordance with this section.
"(d) The warden or other person in charge of the state prison shall refer all reports for which there is probable cause to believe that the inmate has violated subdivision (a) to the local district attorney for prosecution.
"(e) The Department of Corrections shall report to the Legislature, by January 1, 2000, its findings and recommendations on gassing incidents at the state prison and the medical testing authorized by this section. The report shall include, but not be limited to, all of the following:
"(1) The total number of gassing incidents at each state prison facility up to the date of the report.
"(2) The disposition of each gassing incident, including the administrative penalties imposed, the number of incidents that are prosecuted, and the results of those prosecutions, including any penalties imposed.
"(3) A profile of the inmates who commit the aggravated batteries, including the number of inmates who have one or more prior serious or violent felony convictions.
"(4) Efforts that the department has taken to limit these incidents, including staff training and the use of protective clothing and goggles.
"(5) The results and costs of the medical testing authorized by this section.
"(f) Nothing in this section shall preclude prosecution under both this section and any other provision of law."
[4] We have modified slightly the CALCRIM instruction to make comparison easier and to conform the instruction to the language of the statute.
[5] Section 4501.5 states: "Every person confined in a state prison of this state who commits a battery upon the person of any individual who is not himself a person confined therein shall be guilty of a felony and shall be imprisoned in the state prison for two, three, or four years, to be served consecutively."
[6] We have modified slightly the CALCRIM instruction to make comparison easier and to conform the instruction to the language of the statute.