FILED

MAY 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ENRIQUE RODRIGUEZ-MACIAS,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 09-71054

Agency No. A035-911-860

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 13, 2010
San Francisco, California

Before: REINHARDT, W. FLETCHER and N.R. SMITH, Circuit Judges.

Enrique Rodriguez-Macias petitions for review of a decision by the Board of

Immigration Appeals (BIA) affirming the oral decision of an immigration judge

(IJ) finding that Rodriguez-Macias was removable based on his conviction for

child annoyance, in violation of California Penal Code § 647.6(a). We grant the

petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Applying the modified categorical approach, we must determine whether Rodriguez-Macias's conviction under California Penal Code § 647.6(a) constitutes a conviction for child abuse.[1] This court in *Fregozo v. Holder*, 576 F.3d 1030, 1035 (9th Cir. 2009), looked to the BIA's definition of child abuse as set forth in *Matter of Velazquez-Herrera*, 24 I. & N. Dec. 503 (BIA 2008). In clarifying the BIA's definition, this court noted that "although 'child abuse' is not limited to the infliction of physical harm, the perpetrator's actions, either intentional or criminally negligent, must actually inflict *some* form of injury on a child." *Fregozo*, 576 F.3d at 1037.

Here, the relevant document shows that Rodriguez-Macias admitted that: "On or about April 5, 2004, in Orange County, [he] willfully and unlawfully engaged in conduct directed at an eleven year old girl which would disturb a normal person when [he] made sexual comments towards her and this was motivated by an unnatural sexual interest." This document is insufficient to determine whether Rodriguez-Macias' section 647.6(a) conviction rises to the level of child abuse. First, California Penal Code § 647.6(a) does not require that a child actually suffer some injury. *See People v. Lopez*, 965 P.2d 713, 717 (Cal. 1998); *see, e.g.*, *Nicanor-Romero v. Mukasey*, 523 F.3d 992, 1000 (9th Cir. 2008) *rev'd on*

_____

[1] Both parties agree that the modified categorical approach should be applied. Petitioner did not address the applicability of the categorical approach to the BIA or in his opening brief, so we decline to address it now.

*other grounds by Marmolejo-Campos v. Holder*, 558 F.3d 903 (9th Cir. 2009) (citing cases noting the minimum conduct required for a conviction under the statute). Second, Rodriguez-Macias's statement does not show that a child was actually injured. Thus, there is no factual basis for concluding that Rodriguez-Macias's section 647.6(a) conviction is a crime of child abuse and, therefore, he is not removable under 8 U.S.C. § 1227(a)(2)(E)(i).

**PETITION GRANTED.**