Filed 12/30/14  P. v. Luna CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G050272 |
| v. | (Super. Ct. No. FWV1300011) |
| ISMAEL LUNA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of San Bernardino County, Colin J. Bilash, Judge.  Affirmed in part and remanded for resentencing.

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Parag Agrawal and Scott Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Ismael Luna appeals following his conviction on charges of burglary and possession of a firearm and ammunition. He argues the burglary charge should have been severed from the remaining charges, a lack of substantial evidence to support the weapons and ammunition charges, and that the abstract of judgment does not match the court's oral pronouncement of sentence.

We agree the court failed to explicitly state whether it intended to sentence defendant to an additional four years based on his priors or to strike those priors, and therefore remand for resentencing. The remainder of defendant's arguments, however, are without merit, and we therefore affirm the judgment in all other respects.

I

FACTS

In the early morning of December 17, 2012, Alexandra Franco and her daughter returned to their home in Ontario. She saw a Jeep, later identified as belonging to defendant, parked on a side street adjacent to her home in a driveway area. Upon entering the home, she heard noises coming from a bedroom, and upon looking under the door, she saw two sets of feet in the room. She grabbed her daughter and her purse and left the house.

After she left, Franco saw defendant and another man run out of the back of the house, jump a fence and go toward the Jeep. She called 911 and followed the Jeep to try to get the license plate number, which she was unable to do.

Later, it came to light that Sandra Stevens, Franco's neighbor, had seen defendant's Jeep driving up and down the block slowly. She later identified defendant as the driver. Joseph Vincent, another neighbor, saw defendant and another man in the Jeep that morning and had direct contact with them. Vincent, too, later identified defendant in a photo lineup.

2

After Franco called 911, the police responded to her home. An iPad and other items were missing. The next day, a tracking program showed the iPad at a particular address. A Google Map search conducted by Detective Jeffrey Wentz of the Ontario Police Department revealed a Jeep parked across the street from that address, which matched the description of the Jeep at the scene of the burglary. Defendant was the registered owner of both the Jeep and the house at the specified address.

Ontario police officers went to the house on December 27. It was later determined defendant lived in the house with three adult women, one juvenile female, and one child. While the other residents left the house fairly quickly, defendant stayed in the home alone for more than an hour. An eventual search of the residence recovered a skinning knife, ammunition, a semiautomatic handgun, and a loaded revolver. Bags with several of these items were found in the children's bathroom. The revolver was found in a cabinet in the hallway, across from defendant's bedroom. None of the weapons were registered to any occupant of the house. Two iPads were found in a dresser in one of the bedrooms not occupied by defendant. Defendant's driver's license was on top of the same dresser. One of the iPads was the one taken from Franco's residence.

In February 2013, the San Bernardino District Attorney filed a first amended information charging defendant with first degree burglary (Pen. Code, § 459, count one),[1] possession of a firearm by a felon (§ 29800, subd (a), count two), and possession of ammunition by a felon (§ 30305, subd. (a)(1), count three). A number of enhancements and priors were alleged, including the presence of a person in the house by someone other than an accomplice on count one (§ 667.5, subd. (c)), and four prison priors (§ 667.5, subd. (b)).

---

[1] Subsequent statutory references are to the Penal Code.

Prior to trial, defendant moved to sever counts two and three from count one. He argued the evidence in counts two and three was stronger and was being used to bolster count one,[2] counts two and three were "highly inflammatory" while count one was not, and he would suffer prejudice because the evidence was not cross-admissible. The prosecutor argued that count one was actually stronger, and therefore the idea that counts two and three were being used to bolster count one was factually wrong, and that half the witnesses for the burglary charge would also be needed for the weapon and ammunition possession charges (the weapons charges).

The court denied the motion. Filing the charges together initially was "permissible and proper" because the burglary case led directly to defendant's house, where the weapons and ammunition were discovered. Public policy supports one trial wherever possible, and further, the court found no substantial danger of prejudice to the defendant. While there was some prejudice because defendant's status as a felon would be revealed by the inclusion of the weapons charges, the standard of substantial danger had not been met. The court therefore denied the motion.

The jury was instructed about the limited use of defendant's status as a felon: "The People and the defendant have stipulated or agreed that the defendant was previously convicted of a felony. This stipulation means you must accept that fact as proved. Do not consider that fact for any other purpose. [D]o not discuss the nature of the conviction or speculate about it."

At the conclusion of trial, the jury found defendant guilty on all counts and the enhancement on count one to be true. The court found the prison priors true. The abstract of judgment reflects a total prison sentence of 10 years, including six years on

---

[2] Defendant has reversed this argument on appeal, contending the burglary charge was stronger than the weapons and ammunition charges.

4

the burglary and one year each on the four prison priors, with two year sentences on counts two and three to run concurrent to count one. Defendant now appeals.

II

DISCUSSION

*Severance*

Defendant argues the failure to sever the burglary charge from the weapons charges compels reversal. Under section 954, "[a]n accusatory pleading may charge two or more different offenses connected together in their commission . . . or two or more different offenses of the same class of crimes or offenses, under separate counts . . . ."

"The purpose underlying this statute is clear: joint trial 'ordinarily avoids the increased expenditure of funds and judicial resources which may result if the charges were to be tried in two or more separate trials.' [Citation.] 'A unitary trial requires a single courtroom, judge, and court attach[és]. Only one group of jurors need serve, and the expenditure of time for jury voir dire and trial is greatly reduced over that required were the cases separately tried. In addition, the public is served by the reduced delay on disposition of criminal charges both in trial and through the appellate process.' [Citations.]" (*People v. Soper* (2009) 45 Cal.4th 759, 772.) "For these and related reasons, consolidation or joinder of charged offenses 'is the course of action preferred by the law.' [Citation.]" (*Ibid.*)

"For purposes of joinder, offenses are deemed to have been connected together in their commission, where there exists 'a common element of substantial importance in their commission,' even though the offenses charged do not relate to the same transaction and were committed at different times and places against different victims. [Citations.]" (*People v. Poon* (1981) 125 Cal.App.3d 55, 68, disapproved on other grounds in *People v. Lopez* (1998) 19 Cal.4th 282, 292.)

5

"We review the trial court's denial of a severance motion for abuse of discretion. [Citation.] On appeal, the court must consider whether a gross unfairness occurred that denied defendant a fair trial or due process. [Citation.] To demonstrate that a denial of severance was reversible error, defendant must "'clearly establish that there [was] a substantial danger of prejudice requiring that the charges be separately tried.'" [Citations.]" (*People v. Smith* (2007) 40 Cal.4th 483, 510 (*Smith*).)

Courts typically consider four factors when analyzing whether severance was an abuse of discretion. "'(1) the cross-admissibility of the evidence in separate trials; (2) whether some of the charges are likely to unusually inflame the jury against the defendant; (3) whether a weak case has been joined with a strong case or another weak case so that the total evidence may alter the outcome of some or all of the charges; and (4) whether one of the charges is a capital offense, or the joinder of the charges converts the matter into a capital case.' [Citations.]" (*Alcala v. Superior Court* (2008) 43 Cal.4th 1205, 1220-1221 (*Alcala*).) The fourth factor, of course, is not at issue here.

With respect to the first factor, defendant insists there was "absolutely no cross-admissibility between these charges," but that is a conclusion, not an argument. As the Attorney General argues, there are several points where a jury in a hypothetical severed case on the weapons charges would have learned of the burglary case: both to explain why the police were searching the home in the first place, and to show defendant placed the iPad, like the weapons and ammunition, in an odd location to minimize his culpability. Thus, there is at least some indication of cross-admissibility, which generally "dispels any inference of prejudice." (*People v. Mason* (1991) 52 Cal.3d 909, 934.) Further, even if defendant is correct on this point, the lack of cross-admissibility alone is not enough to establish prejudice. (*Ibid.*)

The second and third factors consider whether some of the charges are "'likely to unusually inflame the jury'" and "'whether a weak case has been joined with a

6

strong case or another weak case so that the total evidence may alter the outcome of some or all of the charges.'" (*Alcala*, *supra*, 43 Cal.4th at pp. 1220-1221.) "To discharge his burden of showing prejudice from the joinder of the charges arising from the two incidents, defendant must show that one of the charged offenses was substantially more inflammatory than the other or was supported by significantly stronger evidence. [Citation.]" (*People v. Elliott* (2012) 53 Cal.4th 535, 553.)

The trial court found the evidence of the weapons charges was unlikely to be inflammatory because there was no claim a weapon was used during the burglary. We agree with the trial court, and further, find nothing inherently inflammatory about either of the charges. The trial court took steps to minimize the impact of defendant's status as a felon. Defendant does not offer any particular evidence or argument in support of prejudice either, merely asserting the prosecutor's closing arguments provide sufficient evidence of potential prejudice. We disagree and find defendant's evidence on this point to be wholly insufficient.

The same is true for the argument that the prosecution used one case to bolster the other. In the trial court, defendant argued the weapons charges were stronger than the burglary charge; here, he argues the opposite. Again defendant cites to the prosecutor's argument on the weapons, but nothing in that argument references the burglary. Indeed, defendant admits "the prosecution did not make [a] literal argument" tying the burglary and weapons charges together. The prosecution's most compelling argument on the weapons charges had nothing to do with the burglary, but with the facts surrounding the search of the house and the odd locations where the guns and ammunition were found.

While we agree generally with defendant's late-discovered argument that the burglary charge was generally stronger, that is only because the evidence on the burglary charge is so compelling. It included the testimony of two eyewitnesses, one of

7

whom had direct contact with defendant the morning of the burglary, and the discovery of the stolen item in defendant's home. Nonetheless, that does not meant the evidence on the weapons charges was weak. Defendant has not met his burden to show a substantial danger of prejudice. (*Smith*, *supra*, 40 Cal.4th at p. 510.) We therefore conclude the trial court did not err by denying the motion to sever.

*Sufficiency of the Evidence on Counts Two and Three*

Defendant next argues there is insufficient evidence to support the weapons and ammunition charges because the prosecution did not prove he had knowledge of the forbidden items and the right to control them.

We must view the evidence in the light most favorable to the judgment, drawing all reasonable deductions from the evidence in the judgment's favor. We must accept all assessments of credibility as made by the trier of fact, then determine if substantial evidence exists to support each element of the offense. (See *People v. Carpenter* (1997) 15 Cal.4th 312, 387.) Before a verdict may be set aside for insufficiency of the evidence, a party must demonstrate "that upon no hypothesis whatever is there sufficient substantial evidence to support it." (*People v. Redmond* (1969) 71 Cal.2d 745, 755; *People v. Bolin* (1998) 18 Cal.4th 297, 331.) We neither reweigh nor resolve conflicts in the evidence. (*People v. Young* (2005) 34 Cal.4th 1149, 1181.)

To prove defendant was guilty of these charges, the prosecution was required to prove a felon knowingly possessed the firearm or ammunition. (CALCRIM Nos. 2511, 2591.) "A defendant possesses a weapon when it is under his dominion and control. [Citation.] A defendant has actual possession when the weapon is in his immediate possession or control. He has constructive possession when the weapon, while not in his actual possession, is nonetheless under his dominion and control, either

8

directly or through others. [Citations.]" (*People v. Peña* (1999) 74 Cal.App.4th 1078, 1083-1084.) Thus, "more than one person may possess the same contraband. Possession may be imputed when the contraband is found in a place which is immediately accessible to the joint dominion and control of the accused and another. [Citations.]" (*People v. Miranda* (2011) 192 Cal.App.4th 398, 410.)

Defendant claims the prosecution made no attempt to prove knowledge or control, but only established he lived and was present in the house where the guns and weapons were found and recovered. But to the contrary, the evidence was sufficient to show both possession and control. Testimony provided at trial demonstrated defendant lived at the residence. One of the guns, loaded with ammunition, was found in a cabinet in the hallway directly outside of defendant's bedroom door. It was entirely appropriate to impute possession to defendant because this loaded weapon was "immediately accessible" to him. (*People v. Miranda*, *supra*, 192 Cal.App.4th at p. 410.) This, really, was all the evidence needed to prove the weapon and ammunition charges.

The additional oddities present here only strengthened the prosecution's case. The bag of guns and ammunition was found in the odd location of a children's bathroom. When coupled with the fact that defendant was alone inside the house over an hour, a reasonable inference can be drawn that defendant was gathering and moving the guns and ammunition to minimize his culpability. These facts do not constitute mere speculation, as defendant insists, but facts from which reasonable inferences can be drawn. In any event, the single loaded gun near defendant's bedroom was sufficient to convict him on the weapons and ammunition charges.

*Sentencing*

Defendant contends the abstract of judgment is incorrect and the court never intended to sentence him on his priors because of the court's belief that using the

9

priors to justify the upper term on the burglary charge in addition to sentencing him to the one-year enhancement on each prior would be improper.

The court then stated: "[T]he court believes the aggravated term is warranted" based on the circumstances of the burglary, particularly Franco's arrival at home with her child to find a burglar present. "There's nothing more frightening than that."

After some further discussion, the court pronounced sentence as follows: "The defendant is committed to the California prison system for the upper term of six years for the violation of Penal Code section 459, first-degree burglary, person present. Special finding having been made by the jury as to that present person allegation. Concurrent to that for Count 2 . . . the Court will impose two years. [T]hat will be concurrent to the time in Count 1. Two years concurrent for violation [of] Count 3. . . possession of ammunition . . . ."

The court failed to say anything about the priors in pronouncing sentence, and this was error. Not only can we not tell what the court intended, but the law requires that under section 667.5, the court must either impose the additional one-year term for each prior or order it stricken. (See § 1385, subd. (a); *People v. Langston* (2004) 33 Cal.4th 1237, 1241; *People v. Superior Court* (1996) 13 Cal.4th 497, 531-532.)

Defendant's arguments that we should simply order the sentence on the priors stricken are unavailing and based on factual situations not present here. This is not a double jeopardy situation, and defendant is not being penalized for exercising his appellate rights. The court explicitly stated it intended to sentence defendant to the upper term of six years on the burglary, and therefore an aggregate sentence of six years cannot be proper without either imposing or striking the priors. Therefore, the proper course here is remand to give the trial court the opportunity to clarify its order.

10

III

DISPOSITION

The matter is remanded for resentencing in a manner consistent with this opinion.  In all other respects, the judgment is affirmed.


                              MOORE, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.