Filed 10/8/25  P. v. Jones CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B332666 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA107031) |
| v. | |
| JASON JONES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Rene C. Gilbertson, Judge.  Affirmed.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kim Aarons and Melanie Dorian, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————————

Appellant Jason Jones appeals from the judgment after a jury found him guilty of robbery.  He contends the trial court reversibly erred by failing to instruct the jury on the lesser included offenses of grand theft and petty theft.  We affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

In November 2022, Jones and another man attacked Erick Palacios as he was leaving a liquor store in Gardena.  Palacios did not know Jones or the other assailant, and neither spoke to him before or after the attack.

Surveillance footage from the liquor store showed Jones and the other assailant approached Palacios on the sidewalk outside the liquor store, pushed him against a wall, and began to hit him.[1]  After a few seconds, Jones and the other assailant moved away from Palacios and outside the camera's frame.  Palacios can be seen leaning over with a hand to his face and blood dripping near his feet.  Jones and the other man returned and appeared to begin attacking Palacios again for a few seconds.  The other man then bent down and picked something up from the ground behind Jones before walking out of frame.  Palacios testified that he did not see what the man picked up off the

—————————

[1]     A deputy who responded to the scene recorded footage of the incident from the liquor store's security camera onto his partner's phone.  The recording is 34 seconds long and was played for the jury at trial.  Due to the angle of the video, the upper bodies of the assailants are not visible during the incident, and it is unclear who threw the punches.  At trial, Jones was identified as the individual wearing yellow shoes next to Palacios during the incident.

ground.  Jones remained facing Palacios for a few seconds before leaving the scene.

After the incident, Palacios noticed that his keys and wallet were still in his pocket, but his cell phone was missing.  He did not feel his phone fall out of his pocket or feel someone remove it during the assault.

Police were called.  They arrived within minutes.  A deputy observed a group of three to four men, including Jones, walking away from the liquor store.  Deputies detained Jones and conducted a pat-down search.  They found Palacios's phone in Jones's pocket.

In 2023, the People charged Jones with second degree robbery (Pen. Code, § 211; count 1) and assault by means of force likely to produce great bodily injury (*id.*, § 245, subd. (a)(4); count 2).

The case proceeded to a jury trial.  During a colloquy outside the presence of the jury, defense counsel requested instructions on two lesser included offenses of robbery: petty theft (CALCRIM No. 1800) and grand theft (CALCRIM No. 1801).  Counsel argued that because it was unclear when, how, and by whom Palacios's phone was taken, there was a basis for the jury to decide Jones did not form the intent to steal the phone until after the assault and that he therefore acted with the requisite intent for theft, but not robbery.  The court observed there was no evidence about the value of the phone that would allow the jury to distinguish between grand theft or petty theft.  The prosecutor agreed and added that the theft offenses still required the jury to find that Jones intended to deprive Palacios of his phone permanently at the time he took it.  The prosecutor argued that if the jury did not find "the required intent at the required time, it

doesn't create the lesser. It creates a not guilty verdict overall, so . . . the issue here is not a lesser-included offense." The court denied the defense's request for instructions on the lesser included theft offenses.

The court instructed the jury that both crimes charged required "proof of the union or joint operation of act and wrongful intent." The court further instructed that the jury could convict Jones of robbery only if it found that Jones intended to take property "before or during the time he used force or fear," and that "[i]f the defendant did not form this required intent until after using the force or fear, then he did not commit robbery." (CALCRIM No. 1600.) The court also instructed the jury that it could not convict Jones solely on the basis that he possessed stolen property, and could "consider how, where, and when the defendant possessed the property, along with any other relevant circumstances tending to prove his guilt of robbery." (CALCRIM No. 376.)

In closing argument, the prosecutor argued that Jones "used force or fear to take the property or to prevent [Palacios] from resisting." He asserted the evidence established that Jones "hit Mr. Palacios at least three times . . . to prevent Mr. Palacios from resisting as they [took]the phone." Alternatively, the prosecutor argued that even if the jury did not conclude Jones threw the punches or took the phone from Palacios's pocket, it could still convict Jones as an aider and abettor of robbery because the evidence proved he was "an active participant" in the robbery and formed the intent to steal "before any of this happened." The prosecutor argued: "When [Jones] used the force or fear he intended to deprive [Mr. Palacios] of the property permanently. . . . [O]nce he and the unnamed other person . . .

4

[took] the phone, they used force and fear to prevent Mr. Palacios from resisting."

In the defense's closing argument, counsel argued the evidence did not support a finding that Jones had the requisite specific intent for robbery. Counsel contended the evidence did not show "when [the phone] was taken, by whom this item was taken and how it wound up with Mr. Jones." She also argued there was no evidence to support the conclusion that an intent to steal Palacios's property motivated the assault, citing the evidence that neither Jones nor the assailant demanded Palacios's property before or during the assault and Palacios still had his wallet and keys after the assault.

The jury convicted Jones of second degree robbery and assault. The trial court sentenced Jones to the midterm of three years for robbery and the midterm of three years for assault. The court stayed the sentence on the assault count under Penal Code section 654. Jones timely appealed.

## DISCUSSION

### I.   Applicable Legal Principles and Standard of Review

"Theft is a lesser and necessarily included offense in robbery; robbery has the additional element of a taking by force or fear." (*People v. Ramkeesoon* (1985) 39 Cal.3d 346, 351 (*Ramkeesoon*).) "To support a robbery conviction, the evidence must show that the requisite intent to steal arose either before or during the commission of the act of force." (*People v. Marshall* (1997) 15 Cal.4th 1, 34.) "If intent to steal arose after the victim was assaulted, the robbery element of stealing by force or fear is absent." (*People v. Webster* (1991) 54 Cal.3d 411, 443.)

"A criminal defendant has a constitutional right to have his or her jury determine 'every material issue presented by the

5

evidence' and this includes the right, where appropriate, to have the jury instructed on lesser included offenses." (*People v. Abilez* (2007) 41 Cal.4th 472, 513.)  "[I]f a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former." (*People v. Lopez* (1998) 19 Cal.4th 282, 288.)

" 'An instruction on a lesser included offense must be given only if there is substantial evidence from which a jury could reasonably conclude that the defendant committed the lesser, uncharged offense, but not the greater, charged offense.' [Citation.]  The 'substantial evidence requirement is not satisfied by " '*any* evidence . . . no matter how weak,' " but rather by evidence from which a jury . . . could conclude "that the lesser offense, but not the greater, was committed." ' [Citation.]" (*People v. Nelson* (2016) 1 Cal.5th 513, 538 (*Nelson*).)  "Although instruction on a lesser included offense 'is not required when the evidence supporting such an instruction is weak' [citation] or based on speculation [citation], it is required when the lesser included offense is supported by ' "evidence that a reasonable jury could find persuasive" ' [citation]." (*People v. Steskal* (2021) 11 Cal.5th 332, 345.)

" 'On appeal, we review independently the question whether the trial court improperly failed to instruct on a lesser included offense.' [Citation.]" (*Nelson, supra*, 1 Cal.5th at p. 538.)  "[I]n doing so we view the evidence in the light most favorable to the defendant." (*People v. Millbrook* (2014) 222 Cal.App.4th 1122, 1137.)

II.    **The Trial Court Did Not Prejudicially Err By Failing to Instruct on the Lesser Included Theft Offenses**

A.    **There was no substantial evidence from which the jury could conclude Jones committed theft and not robbery**

Substantial evidence did not support the conclusion that Jones formed the intent to steal only after the assault. The evidence adduced at trial showed that Jones, who had no prior relationship or interaction with Palacios, assaulted him and was found minutes later with Palacios's phone in his pocket. No evidence supported the conclusion that Jones assaulted Palacios for a reason other than to steal from him.

Jones argues on appeal that a reasonable jury could have concluded that he did not have the intent to steal from Palacios before or during the assault, based on the evidence that neither Jones nor the other assailant spoke to Palacios before the assault, they did not take his wallet and keys, Palacios did not feel anyone remove his phone from his pocket, and Jones did not immediately leave after the incident.[2] We disagree.

None of the evidence Jones cites suggests that he had a reason to attack Palacios other than to facilitate the theft. "Mere speculation" that Jones may have assaulted Palacios "out of some other, spontaneous and violent impulse is not sufficient to warrant the instruction." (*People v. Moore* (2011) 51 Cal.4th 386, 409; *People v. Zamudio* (2008) 43 Cal.4th 327, 361 [no error in failing to instruct on theft as lesser included offense where

---

[2]    To the extent Jones contends that the People "failed to establish" that he formed the necessary intent for robbery, this argument fails. Jones has not challenged the sufficiency of the evidence supporting his robbery conviction on appeal.

defendant relied on "sheer speculation" that he did not think to take victims' property until after he killed them].) The evidence Jones cites creates a purely speculative inference that Jones assaulted Palacios for some unspecified reason other than to steal from him, thus falling short of the substantial evidence required to justify instructions on theft. (*Zamudio*, at p. 361; *People v. Simon* (2016) 1 Cal.5th 98, 132 ["Speculative, minimal, or insubstantial evidence is insufficient to require an instruction on a lesser included offense."].)

The legal authorities Jones cites are distinguishable on this basis. In each case, a reviewing court found an instruction on theft as a lesser included offense of robbery was necessary because the evidence showed the defendant used force or fear for reasons other than theft, and the defendant affirmatively indicated that he formed the intent to steal only after the fact. (See *People v. Bradford* (1997) 14 Cal.4th 1005, 1056 [defendant's statements to detective that he killed victim to eliminate her as witness to sexual assault substantially supported that his taking of her property "was not the primary motivating factor for the murder"]; *People v. Kelly* (1992) 1 Cal.4th 495, 529–530 [defendant's statements to police that he took victim's rings from trash can after raping and murdering her was substantial evidence warranting lesser included theft instruction]; *Ramkeesoon*, *supra*, 39 Cal.3d at pp. 351, 349–350 [defendant's testimony that he stabbed victim to escape aggressive sexual advances and decided to take victim's property afterward "was credible enough to have supported a verdict of theft instead of robbery"].)

Here, in contrast, "[t]here was nothing more than sheer speculation to support the scenario now advanced by [Jones] that the idea of taking [Palacios's] property did not arise until after" the assault. (*People v. Lewis* (1990) 50 Cal.3d 262, 277.) There was no substantial evidence to support a finding that Jones assaulted Palacios for a reason other than to steal his property. The trial court therefore had no duty to instruct on a lesser included theft offense.

### B.    Any instructional error was harmless

Moreover, even if substantial evidence supported a lesser included offense instruction on theft, the trial court's failure to give the instruction did not result in prejudice.

A trial court's failure to instruct on a lesser included offense generally is prejudicial only if there is a reasonable chance the jury would have returned a different verdict absent the error. (*People v. Rogers* (2006) 39 Cal.4th 826, 867–868, citing *People v. Watson* (1956) 46 Cal.2d 818.) If "it can be determined that the factual question posed by the omitted instruction was necessarily resolved adversely to the defendant under other, properly given instructions," reversal is not required even if the trial court erred in failing to give the instruction. (*Ramkeesoon*, *supra*, 39 Cal.3d at p. 352.)

Here, it is not reasonably probable that, had the court instructed the jury on theft, Jones would have obtained a more favorable result. The record demonstrates that the jury necessarily concluded Jones formed the intent to steal before or during the assault.

The jury was instructed that it could convict Jones of robbery only if it determined he formed the intent to steal before or during his assault of Palacios. CALCRIM No. 1600 made clear

9

that the jury could not convict Jones of robbery without finding he had the specific intent to steal before or during his application of force or fear. Counsels' closing arguments reiterated this point. The People specifically stated that when Jones used force or fear against Palacios, either directly or as an aider and abettor, he intended to permanently deprive Palacios of his phone. The defense argued that the People had not proven beyond a reasonable doubt that Jones acted with the requisite specific intent for robbery because no evidence indicated when Palacios's phone was taken or by whom, and no evidence reflected that the assailants intended to rob Palacios at the time of the assault. That the jury convicted Jones of robbery in light of the explicit instructions and argument about the concurrence of his intent to steal and the assault establishes the jurors determined Jones formed the intent to steal before or contemporaneous with the assault. (*Ramkeesoon*, *supra*, 39 Cal.3d at pp. 351–352.) Any erroneous failure to instruct on the lesser included theft offenses was not prejudicial.

*Ramkeesoon*, *supra*, 39 Cal.3d 346, does not compel a different result. In that case, the trial court instructed the jury on robbery using CALJIC No. 9.10. (*Ramkeesoon*, at p. 353.) The instruction did not require the jury to specifically find that the defendant formed the intent to steal before or during the application of force or fear to convict the defendant of robbery.[3] The California Supreme Court found the trial court's failure to

---

[3]   CALJIC No. 9.10 was later renumbered to CALJIC No. 9.40. (*People v. Hughes* (2002) 27 Cal.4th 287, 359.) The instruction provides, in relevant part, that the jury must find the defendant's taking of the property of another was "accomplished" using force or fear.

10

instruct on the lesser included offenses of larceny and theft was reversible error. (*Id.* at p. 351.) After concluding there was substantial evidence warranting a theft instruction, the court further held that the omission was prejudicial because "the jury was never presented with the factual question posed by the omitted theft instructions," specifically, "whether the intent to steal was formulated after defendant had inflicted the fatal blows . . . ." (*Id.* at p. 352.) Instruction on the lesser included offense was therefore necessary to mitigate " 'the substantial risk' " that, " '[w]here one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of *some* offense, the jury is likely to resolve its doubts in favor of conviction.' " (*Id.* at p. 351, quoting *Keeble v. United States* (1973) 412 U.S. 205, 212.)

In contrast, in *People v. Turner* (1990) 50 Cal.3d 668 (*Turner*), the defendant stabbed and killed the victim, then absconded with the victim's property. (*Id.* at pp. 683–685.) The defendant testified that he was provoked by the victim's "sudden, violent sexual advances," and that he had not intended to take the victim's car and television until after the fatal stabbing. (*Id.* at p. 682; see *id.* pp. 683–685.) The jury convicted the defendant of robbery and murder, and found true the special circumstance that the murder was committed in the commission of a robbery. (*Id.* at p. 679.)

Although our high court concluded the trial court erred by failing to instruct on the lesser included offense of theft, it found no prejudice. (*Turner, supra,* 50 Cal.3d at pp. 690–691.) The court observed that, in contrast to *Ramkeesoon*, "the special instructions in this case did require the jury to confront and decide the issue of 'after-formed intent.' The jurors were told emphatically not to convict [the] defendant of robbery or first

11

degree felony murder, or to find the robbery-murder special circumstance true, if they believed it reasonably possible that he killed for reasons unrelated to theft and stole only as an incidental afterthought.  We cannot lightly assume the jury disobeyed such clear instructions on so many separate occasions." (*Id*. at pp. 692–693.)

As in *Turner*, the jury here was presented with the factual question of when Jones formulated his intent on several "separate occasions."  (*Turner*, *supra*, 50 Cal.3d at p. 693.)  The trial court instructed the jury with CALCRIM No. 1600, which specified that the jury could only find Jones guilty of robbery if it determined he formed the intent to steal before or during the assault, and that Jones was not guilty of robbery if he formed the intent only after the use of force or fear.  (*People v. Anderson* (2011) 51 Cal.4th 989, 999 [CALCRIM No. 1600 "explains the act and the intent elements of the offense and that the act must have been motivated by the requisite intent: the intent to steal"].)  In closing arguments, both the prosecutor and defense counsel emphasized that the jury could convict Jones of robbery only if it concluded he intended to steal at the time he assaulted Palacios. The jury verdict reflected the resolution of this question, stating that the jury found Jones took Palacios's property "by means of force and fear."

The jury necessarily rejected the theory that Jones did not form the intent to steal until after the attack on Palacios took place.  As in *Turner*, "there appears no chance the jury was misled by an 'all or nothing choice' on the robbery/theft issue." (*Turner*, *supra*, 50 Cal.3d at p. 692.)  It was not reasonably probable that the jury would have found Jones not guilty of

12

robbery, and guilty of theft, had the trial court instructed on the lesser included offenses of grand or petty theft.

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

HANASONO, J.

13