Filed 2/13/26  P. v. Zarakowski CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARK ANDREW ZARAKOWSKI,<br><br>    Defendant and Appellant. | 2d Crim. No. B336022<br>(Super. Ct. No. PA099512)<br>(Los Angeles County) |

Mark Andrew Zarakowski appeals the judgment after a jury convicted him of assault by means of force likely to produce great bodily injury (Pen. Code,[1] § 245, subd. (a)(4); count 1), misdemeanor theft (§ 484, subd. (a); count 2), two counts of illegal use of tear gas (§ 22810, subd. (g)(1); counts 3 and 4), and assault with a deadly weapon (§ 245, subd. (a)(1); count 5).  He was sentenced to three years in state prison.

---

[1] Further unspecified statutory references are to the Penal Code.

As to count 5, Zarakowski contends the trial court erred in refusing to give a self-defense instruction, there was insufficient evidence to support the conviction, and the court erred in refusing to instruct on the lesser included offense of simple assault. He also contends, and the Attorney General concedes, error in the abstract of judgment. We correct the error in the abstract of judgment but otherwise affirm.

FACTS AND PROCEDURAL HISTORY

*September 20, 2022, incident (counts 1, 2, 3[2])*

Corrie and Andrew[3] are the ex-wife and son of Zarakowski. Andrew's friends, Yasmeen Davis and her boyfriend, Jayden Fador, were staying at Corrie and Andrew's home. Zarakowski showed up at the house, and asked Davis who she was and what she was doing there. At the time, Davis was alone in the house. She explained to Zarakowski why she was at the house, but he did not believe she had permission to be there. Zarakowski left the home but sat in his car in the driveway.

Davis called Fador to come to the house. When Fador arrived, he went upstairs to grab some belongings and put them in a backpack and another bag. Zarakowski returned to the house, "got mad," and told Davis that she lied to him about no one else being inside the house. He accused Fador and Davis of stealing and told them to leave the house.

---

[2] Zarakowski was charged with another count of assault with a deadly weapon (§ 245, subd. (a)(1); count 6), but the jury found him not guilty.

[3] Because they share the same last name, we use first names for the sake of clarity. No disrespect is intended.

Fador and Davis left the house and stood outside. Fador called Corrie, who said Zarakowski was not allowed to be inside the house. Zarakowski then left the house, got into his car, and began to pull away when Fador read Zarakowski's license plate numbers out loud. Zarakowski got out of the car and approached Fador. Fador dropped his bags and assumed a "fighting stance." Zarakowski and Fador began to fight, during which Zarakowski headbutted Fador several times. A surveillance camera filmed the altercation.

Before Zarakowski drove away, he grabbed Jayden's bags and put them in his car. Davis was recording the interaction on her phone. Zarakowski made a U-turn in his car, rolled down his passenger window, and pepper sprayed Davis in the face.

*November 4, 2022, incident (counts 4 & 5)*

Andrew, Fador, and Davis drove to Andrew's house in his car. Two other friends, Christopher Hernandez and Kayla Sullivan, drove in a separate car. When Andrew arrived at his house, Zarakowski was sitting in his car parked in front of the house. Andrew walked towards Zarakowski and began yelling and cussing at him. When the friends got out of the car, Zarakowski said, "Oh, you guys came to jump me?" Andrew and Hernandez approached Zarakowski while the other friends stayed back. A home surveillance camera recorded the interaction, and Sullivan recorded with her phone from about 15 feet away.

Zarakowski told Andrew to "[g]et out of my fucking house." Zarakowski yelled, "Did you pay for it . . . did you pay for it" in reference to the house, and he pepper sprayed Andrew. Andrew retreated slightly each time he was sprayed but then stood his ground. Zarakowski said, "You want to fuck around [with] me,

3

asshole!" and "Yeah, I['m] going to circumcise you." Hernandez saw Zarakowski pull out a knife from his back pocket. Fador also saw the knife. They both saw Zarakowski "swing" the knife at Andrew. Corrie came out of the house and jumped between Andrew and Zarakowski to end the altercation.

DISCUSSION

*Self-defense instruction*

Zarakowski contends the trial court prejudicially erred by not instructing the jury on self-defense as to count 5 (assault with a deadly weapon (knife)). We disagree.

"A trial court must instruct the jury, even without a request, on all general principles of law that are ' "closely and openly connected to the facts and that are necessary for the jury's understanding of the case." [Citation.] In addition, "a defendant has a right to an instruction that pinpoints the theory of the defense. . . ." ' [Citation.] The court may, however, 'properly refuse an instruction offered by the defendant . . . if it is not supported by substantial evidence [citation].' " (*People v. Burney* (2009) 47 Cal.4th 203, 246.) "Substantial evidence supporting sua sponte instruction on a particular defense is evidence that is 'sufficient to "deserve consideration by the jury, i.e., 'evidence from which a jury composed of reasonable [persons] could have concluded' " ' that the particular facts underlying the instruction did exist." (*People v. Brooks* (2017) 3 Cal.5th 1, 75; *People v. Barton* (1995) 12 Cal.4th 186, 201, fn. 8 ["evidence that a reasonable jury could find persuasive"].) Nevertheless, " '[s]peculative, minimal, or insubstantial evidence is insufficient . . . .' " (*People v. Thomas* (2023) 14 Cal.5th 327, 385.) "Although a trial court should not measure the substantiality of the evidence by undertaking to weigh the credibility of the witnesses,

4

the court need not give the requested instruction where the supporting evidence is minimal and insubstantial." (*People v. Barnett* (1998) 17 Cal.4th 1044, 1145, fn. omitted.)

We review claims of instructional error de novo. (*People v. Covarrubias* (2016) 1 Cal.5th 838, 919.) And when a defendant's request for a jury instruction has been refused, we review the record de novo to determine whether there was substantial evidence that required giving the instruction. (*People v. Simon* (2016) 1 Cal.5th 98, 132–133.)

Here, the trial court instructed the jury on self-defense on count 4 (use of tear gas against Andrew) but not on count 5 (assault with a deadly weapon against Andrew). The trial court found the evidence was insufficient to support a self-defense instruction on count 5.

We conclude the trial court did not err in finding the evidence insufficient to support a self-defense theory. Self-defense is an affirmative defense if the defendant (1) reasonably believed that he was in imminent danger of suffering bodily injury or being touched unlawfully; (2) reasonably believed that the immediate use of force was necessary to defend against that danger; and (3) used no more force than was reasonably necessary to defend himself against that danger. (*People v. Clark* (2011) 201 Cal.App.4th 235, 250; CALCRIM No. 3470.)

Here, the evidence does not support that Zarakowski reasonably believed he was in imminent danger or that he reasonably believed immediate use of force was necessary to defend against danger. During the point in the altercation when the knife was used, Zarakowski had already pepper sprayed Andrew multiple times, which made Andrew withdraw each time he was sprayed. After pepper spraying Andrew, Zarakowski said,

5

"You want to fuck around [with] me, asshole!" and "Yeah, I['m] going to circumcise you." These statements refute Zarakowski's claim that he was acting in self-defense. At this point in the altercation, Zarakowski became the aggressor. Nor was there evidence that a knife was reasonably necessary for Zarakowski to defend himself at that point during the altercation. Andrew was unarmed and had been pepper sprayed multiple times when Zarakowski swung his knife at Andrew.

But even if the trial court should have given a self-defense instruction on count 5, the error would have been harmless under either the *People v. Watson* (1956) 46 Cal.2d 818, 836 (*Watson*) or *Chapman v. California* (1967) 386 U.S. 18, 24 standards. The jury was instructed on self-defense on count 4, but it nonetheless rejected the self-defense theory and found him guilty of count 4. Under these circumstances, including Zarakowski wielding his knife at Andrew after pepper spraying him and the jury convicting him of count 4, any error in refusing to give the self-defense instruction on count 5 is harmless beyond a reasonable doubt.

*Sufficiency of evidence*

Zarakowski contends the evidence was insufficient to support the conviction for assault with a deadly weapon because he did not use the knife in a manner capable of producing and likely to produce death or great bodily injury. We conclude otherwise.

In assessing the sufficiency of evidence, "we review the whole record to determine whether *any* rational trier of fact could have found the essential elements of the crime or special circumstances beyond a reasonable doubt. [Citation.] The record must disclose substantial evidence to support the verdict—i.e.,

6

evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.  [Citation.]  In applying this test, we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence.  [Citation.]  'Conflicts and even testimony [that] is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends.  [Citation.]  We resolve neither credibility issues nor evidentiary conflicts; we look for substantial evidence.  [Citation.]'  [Citation.]  A reversal for insufficient evidence 'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support" ' the jury's verdict."  (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.)

Section 245, subdivision (a)(1) makes punishable "[a]ny person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm."  A " 'deadly weapon' is 'any object, instrument, or weapon which is used in such a manner as to be capable of producing and likely to produce, death or great bodily injury.  [Citation.]' " (*People v. Aguilar* (1997) 16 Cal.4th 1023, 1028–1029.)  "Analysis of whether the defendant's manner of using the object was likely to produce death or great bodily injury necessarily calls for an assessment of potential harm in light of the evidence.  As noted, a mere possibility of serious injury is not enough.  But the evidence may show that serious injury was likely, even if it did not come to pass."  (*In re B.M.* (2018) 6 Cal.5th 528, 535.)

7

Here, substantial evidence supports that Zarakowski used his knife in a manner capable of producing and likely to produce great bodily injury. Fador and Hernandez testified they saw Zarakowski "swing" his knife at Andrew. The video evidence further corroborates this testimony. The video shows Zarakowski threatening to "circumcise" Andrew, pulling something from his pocket, and making an arm motion towards Andrew. The jury could reasonably find from this video that Zarakowski used the knife in a manner that was capable and likely to produce great bodily injury. A knife was also recovered from Zarakowski's car, and the jury could further assess from a photograph of this knife whether it was an object capable of producing great bodily injury. The evidence together is sufficient to support that Zarakowski assaulted Andrew with a deadly weapon.

*Lesser included offense*

Zarakowski contends the trial court erred by not instructing on the lesser included offense of simple assault on count 5. We conclude there was no prejudicial error.

A simple assault is "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." (§ 240.) The only difference between simple assault and assault with a deadly weapon (§ 245, subd. (a)(1)) is that the latter requires proof of the additional element that in committing the assault, the defendant used a deadly weapon or instrument other than a firearm. (*People v. McDaniel* (2008) 159 Cal.App.4th 736, 748.) Because an assault with a deadly weapon cannot be committed without necessarily committing a simple assault, simple assault is a lesser included offense of assault with a deadly weapon. (*Id.* at pp. 747–748; *People v. Lopez* (1998) 19 Cal.4th 282, 288.)

" ' "[A] trial court must instruct on lesser included offenses, even in the absence of a request, whenever there is substantial evidence raising a question as to whether all of the elements of the charged offense are present." [Citation.]  Conversely, even on request, a trial judge has no duty to instruct on any lesser offense *unless* there is substantial evidence to support such instruction. [Citation.]' [Citations.]  The question, then, is whether there was substantial evidence that defendant committed assault but not assault with a deadly weapon." (*People v. Page* (2004) 123 Cal.App.4th 1466, 1474.)  We review de novo the question of whether a trial court erroneously failed to instruct on a lesser included offense.  (*People v. Nieves* (2021) 11 Cal.5th 404, 463.)  If error is found, the reviewing court must determine if there is a reasonable probability that the omission affected the jury's verdict.  (*People v. Breverman* (1998) 19 Cal.4th 142, 177–178; *Watson*, 46 Cal.2d at p. 836.)

" ' "[I]n some circumstances it is possible to determine that although an instruction on a lesser included offense was erroneously omitted, the factual question posed by the omitted instruction was necessarily resolved adversely to the defendant under other, properly given instructions.  In such cases the issue should not be deemed to have been removed from the jury's consideration since it has been resolved in another context, and there can be no prejudice to the defendant since the evidence that would support a finding that only the lesser offense was committed has been rejected by the jury." ' " (*People v. Elliot* (2005) 37 Cal.4th 453, 475.)

In our view, there was no reasonable probability that the failure to instruct on simple assault affected the jury's verdict. The evidence as to count 5 included two witness testimonies that

9

Zarakowski swung at Andrew with a knife, videos of the confrontation, and Zarakowski's statements that he was going to "circumcise" Andrew.  In his defense, Zarakowski disputed he had a knife and also argued that if he had a knife, he used it in a nondeadly way as a "buffer" or "to maintain a safety distance between him and Andrew."  Because the jury was instructed with CALCRIM No. 875, it necessarily found that Zarakowski used a knife in a manner capable and likely to produce great bodily injury to Andrew.  Because Zarakowski used his knife in a manner likely to result in the application of force (§ 245, subd. (a)(1)), there is no reasonable probability that omission of a simple assault instruction would have affected the jury's verdict. (*Watson*, 46 Cal.2d at p. 836.)

### *Abstract of judgment*

Zarakowski contends, and the Attorney General concedes, the abstract of judgment must be amended to correct a clerical error and to reflect that he was sentenced to concurrent, and not consecutive, terms for counts 1, 3, and 4.  We agree.

A trial court has the inherent power to correct clerical errors at any time and a reviewing court may order correction of an abstract of judgment that does not accurately reflect the oral pronouncement of judgment.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

Here, the trial court sentenced Zarakowski to three years in state prison on count 5.  It sentenced him to a concurrent three-year term for count 1, concurrent two-year terms each for counts 3 and 4, and a concurrent one-year term for count 2.  However, on the second amended abstract of judgment, a box indicating that he was to serve one-third of his sentence *consecutively* for counts 1, 3, and 4 was checked, as well as a box

10

indicating that those same sentences are to be served concurrently.  This was clerical error.  We therefore order the abstract of judgment to be corrected so that the only box checked is the one that reflects the sentences for counts 1, 3, and 4 are to be served concurrently.

DISPOSITION

The judgment is affirmed.  The trial court shall modify the abstract of judgment to reflect that concurrent terms were imposed for counts 1, 3, and 4.  The court shall forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:



YEGAN, Acting P. J.



CODY, J.


11

Hilleri G. Merritt, Judge

Superior Court County of Los Angeles

_____

Megan D. Baca, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.